RE WILL OF EDITH M. HALL.

January Term, 1946.

Present: MOULTON, C. J., SHERBURNE, STURTEVANT, JEFFORDS, JJ. and CLEARY, Supr. J.

Opinion filed February 5, 1946.

*Cowles & Cowles* for the appellant.

STURTEVANT, J. Edith M. Hall, late of Barton in this State, died testate and her will was duly proved before and allowed by the probate court for the district of Orleans on January 12, 1945. It appears from the record that among the relatives by whom the testatrix was survived are twelve nieces and nephews of the whole blood and seven nieces and nephews of the half blood. After

making certain specific and pecuniary bequests, the testatrix bequeathed the residue of her estate as follows:

> "The balance and residue of all my said estate, I give and bequeath in equal shares, to the rest of my own nephews and nieces, who are living at the time of my decease."

The probate court decreed the residue in equal shares to all the nephews and nieces, both of the whole blood and the half blood, except the two, Mrs. Lulu Moore and Miss Ida Bogue, to whom legacies were specifically bequeathed and decreed.

The appellant excepted to the decree on the ground that the probate court erred in including nephews and nieces of the half blood in its decree of the residue. The question for our determination is: Was it the intention of the testatrix to include nephews and nieces of the half blood by her use of the words "to the rest of my own nephews and nieces, . . . ," in the residuary clause of her will. The appellant contends that it was the intention of the testatrix that only nephews and nieces of the whole blood should be included in the residuary clause.

■■ "In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since, so far as it may be legally carried out, that governs." *Tuttle et al* v. *Tuttle et al,* 112 Vt 271, 278, 23 A2d 523, 525, and cases cited. "Force and effect must be given to every part of the will, if possible, since it is not to be presumed that the testator used an unnecessary word or one to which no proper force can be given." *Tuttle et al* v. *Tuttle et al,* 112 Vt 271, 278, 23 A2d 523, 526, and cases cited.

■■ To determine the intention of the testatrix, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. *Tuttle et al* v. *Tuttle et al,* 112 Vt 271, 278, 23 A2d 523, and cases cited. In aid of the construction of a clause in a will as intended by the maker of the instrument, we may and do look at the whole context of the will, taken together, and words occurring more than once in a will shall be presumed to be used always in the same sense, unless a contrary intention appears by

the context, or unless the words be applied to a different subject. *In re Field's Estate,* 101 Vt 242, 246, 143 A 280, and cases cited.

With these rules of construction in mind we now give consideration to the instrument in question. From the decree it appears that among the nieces and nephews of the whole blood by whom the testatrix was survived are Miss Ida Bogue and Max E. Bogue. Ida Bogue is specifically mentioned twice in the will, once in the third clause and once in the ninth clause. These clauses state as follows:

"(3) I give and bequeath to my niece, Miss Ida Bogue, my diamond ring."

"(9) I give and bequeath to Miss Ida Bogue (my niece) the sum of Five Hundred Dollars."

The testatrix named Max Bogue as her executor in the following language:

"(14) I hereby nominate, constitute and appoint my said nephew, Max Bogue of Burlington, Vermont, to be executor of this my last will and testament."

Ida Bogue is the only niece and Max Bogue is the only nephew of the whole blood by whom the testatrix was survived and to whom she has made specific reference by name in her will. Mrs. Lulu Moore is the only niece of the half blood mentioned by name in the instrument. Her name appears in the seventh clause which reads as follows:

"(7) I give and bequeath to Mrs. Lulu Moore of St. Albans, Vt., the sum of One Hundred Dollars."

No nephew of the half blood is mentioned by name in the instrument. It is to be noted that in her will when the testatrix made reference by name to a niece or nephew of the whole blood she used the words "my niece" or "my nephew" before or after the name of the person mentioned. Mrs. Lulu Moore, a niece of the half blood, is designated by her name only. The testatrix does not refer to her specifically as "my niece."

We now come to the expression ". . . to the rest of my own nephews and nieces . . ." as used in the residuary clause. The testatrix has emphatically directed our attention to the words "my own" by underscoring them. It is as though she had said "be sure to note that I intend the residue of my estate to

go to my own nephews and nieces as distinguished from my other nephews and nieces." Webster's New International Dictionary defines the word "own" as "an own brother (as distinguished from a half brother or brother-in-law)." From this it follows that "my own niece or nephew" is a niece or nephew of the whole blood as distinguished from one of the half blood. Such is the ordinary and legal meaning of the words "my own nephews and nieces" as here used and, since it does not appear from the instrument that the testatrix intended a different meaning, those words must receive such construction. *Wyman* v. *Kinney, et al.,* 111 Vt 94, 101, 10 A2d 191, 128 ALR 298.

From the foregoing it clearly appears that by her language used in the 13th clause of her will, which is the residuary clause, the testatrix intended to and did devise and bequeath the residue of her estate in equal shares to such of her twelve nieces and nephews of the whole blood as should be living at the time of her decease and for whom she made no other provision in her will. That is, it was the intent of the testatrix that Miss Ida Bogue, having been otherwise provided for in the will, should take nothing under the residuary clause and that the residue of her estate should be equally divided among the other eleven nieces and nephews of the whole blood who survived her and we so construe the residuary clause here in question.

*The decree of the probate court for the district of Orleans issued October 11, 1945, ordering distribution of the estate of Edith M. Hall, late of Barton, in said district, deceased, is reversed to the extent that it includes as residuary legatees, nieces and nephews of the half blood who survived the testatrix. For reasons stated in the opinion, Ida Bogue, a niece of the whole blood who survived the testatrix, is excluded as a residuary legatee and the residue of the estate must be decreed in equal shares to the remaining eleven nieces and nephews of the whole blood who survived the testatrix. In all other respects, the said decree is affirmed. To be certified to the probate court.*