In the Matter of the Construction of the Will of ANNA S. KOORBUSCH, Deceased.

Surrogate's Court, Kings County, February 9, 1951.

*Josephine M. Cain* for Margaret Whalen, petitioner.

*Duncan Fraser,* special guardian for infants, respondents.

RUBENSTEIN, S. Construction is sought of testatrix' will whereunder she gave, devised and bequeathed to her husband all of her property " with full power to dispose of same as he might see fit." A parcel of realty so devised remained undisposed of upon the husband's death.

The will then provided " On his death to my living four children " naming them, " share and share alike, with the one exception that my daughter, Margaret, shall receive an additional amount of $500." Following that sentence, is the provision " In the event of the death of any of the above mentioned four children, then it is my will and wish that the share which would have gone to the deceased child or children shall be distributed equally among my surviving children." The four named children survived testatrix but two of them predeceased the husband.

The gift to the husband constituted him the legal life tenant with power of disposition during his lifetime, and the failure to exercise that power causes the remainder to pass under the testatrix' will (*Matter of McFadden,* 135 Misc. 690; *Vincent* v. *Rix,* 248 N. Y. 76, 79).

The will is dated March 19, 1926, and the testatrix died on March 15, 1927. At her death testatrix was survived by her husband, the issue of two predeceased children and the four named children to whom she left the remainder and referred to in the will as '' my living children,'' apparently using the word '' living '' to distinguish them from the issue of the two other children (*Matter of Claus,* 153 Misc. 206).

The testatrix then provided in the event of the death of any of the four children, the share which would have gone to him '' shall be distributed equally among my surviving children.'' That disposition would serve to make inoperative the provisions of section 29 of the Decedent Estate Law, in the event that one or more of the named children predeceased the testatrix and was survived by issue (*Matter of Neydorff,* 193 App. Div. 531).

The gift of the remainder to the children is found by implication, in the phrase '' On his death to my living four children '' and in the provision '' that the share which would have gone to the deceased child or children shall be distributed equally among my surviving children.'' There is lacking direct words of gift in both of those provisions, but the words '' on his death to '' are in effect words of direct and immediate gift. Those words followed the direct gift to the husband, and should be construed as though the testatrix said '' on his death, I give, devise and bequeath the undisposed of property to my living four children '' (*Matter of Van Kleeck,* 95 Misc. 40, affd. 177 App. Div. 917). The expression '' shall be distributed to '' is, however, susceptible of a gift in the future and possibly subject to the '' divide and pay over rule.''

That rule is usually applied where the remainder is to be paid to a class, the membership of which cannot be determined until the happening of a future event. In this case, however, there are, in effect, words of gift in the present tense and the remaindermen are specified by name, factors which have been held to be effective in the determination of the intent of the testatrix that the remainder should vest in the named remaindermen on their survival of testatrix (*Matter of Soy,* 143 Misc. 217; *Matter of Dudley,* 168 Misc. 695, 698; *Matter of Levy,*

171 Misc. 431, 434–435; *Matter of Montgomery,* 258 App. Div. 64, 65, affd. 282 N. Y. 713; *Matter of Staats,* 272 App. Div. 139, 141, affd. 297 N. Y. 648).

Words of present gift of a remainder to persons *nominatim* are strong evidences of intention to vest the remainder on the death of the testatrix (*Matter of McParlan,* 169 Misc. 1027). When such language is followed by other language concerning the survivorship of said persons such survivorship refers to the death of the testatrix (*Matter of Evans,* 165 Misc. 752, 762, 763, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; *Matter of Weaver,* 253 App. Div. 24; *Matter of McParlan, supra*). Accordingly, the court holds that the remainders vested in the four named remaindermen upon testatrix' death.

Submit decree accordingly.