# Richmond

CATHERINE CARSON, AND LEO N. GILLERLAIN AND CATHERINE CARSON AS EXECUTORS OF THE WILL OF JOSEPH P. GILLERLAIN, DECEASED V. JUNE SIMMONS.

March 11, 1957.

Record No. 4623.

Present, All the Justices.

The opinion states the case.

*William C. Worthington* (*David R. Levin* and *Worthington & White*, on brief), for the appellants.

*Charles B. Cross, Jr.* and *Gordon F. Marsh*, for the appellee.

SNEAD, J., delivered the opinion of the court.

June Simmons, appellee, filed her bill of complaint on February 19, 1954, in which she prayed, *inter alia*, that premises 218 North Street, Portsmouth, Virginia, be partitioned in one of the methods prescribed by law. Appellants filed timely answers thereto in which they asserted that the prayer of the complainant's bill should be denied and requested the court to construe the will of her father, Joseph P. Gillerlain, to ascertain whether or not the property in question is subject to the provision that it could not be sold until the youngest child of his daughters, Catherine Carson and June Simmons, becomes sixteen years of age. The court referred the matter to R. Winston Bain, one of the commissioners of the court, directing the usual inquiries.

Joseph P. Gillerlain, hereinafter called testator, resided at 218 North Street, Portsmouth, Virginia, at the time of his death, which occurred on December 1, 1953. He was the fee simple owner of said premises, subject to a mortgage of approximately four thousand dollars. The residence is a four story building, including the basement, and badly in need of repairs. The testator occupied the basement floor. His daughter, June Simmons, the appellee, together with her husband and two minor children, occupied the second floor. Catherine Carson, another daughter, who is one of the appellants, together with her husband and four minor children lived on the third or top floor. The first floor was vacant and had not been leased up to the time of commencement of this suit. The youngest child of the daughters was born on June 25, 1953.

On September 4, 1953, the testator executed his last will and testament. It was drawn by a local attorney and upon Gillerlain's death it was admitted to probate and recorded in the clerk's office of the Court of Hustings for the City of Portsmouth, Virginia, in Will Book 9, at page 381.

The will follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, Joseph P. Gillerlain, of the City of Portsmouth, Virginia, being of sound and disposing mind, do make and declare this to be my last will and testament, as follows:

"1. I direct my Executors hereinafter named, to sell at private sale for the best price obtainable my house and lot number 327 Lincoln Street, in the City of Portsmouth, Virginia, fronting on the south side of Lincoln Street, between Third and Fourth Streets, and out of the proceeds of sale, to pay all my just debts, including liens on any other property, my funeral expenses, taxes and other charges against my estate.

"2. I give and devise to my two daughters, Catherine Carson and June Simmons, my house and lot number 218 North Street, in the City of Portsmouth, Virginia, fronting on the north side of North Street, between Crawford and Middle Streets, *with the understanding that each of my said daughters will occupy one of the apartments and rent the other apartment and use the rent for the upkeep of the property until the youngest child of said daughters reaches the age of sixteen years, that is the youngest child now living.* (Emphasis added.)

"3. I give and devise my house and lot number 1109 Hillside Avenue, in the City of Norfolk, Virginia, at or near Ocean View, to my daughter, Nellie Harrison, *with the understanding that she pay to each of my children*, Joseph D. Gillerlain, Frank Gillerlain, Virginia Basemore and Leo N. Gillerlain *the sum of six Hundred Dollars ($600.00), such sums to be a charge on the property.* (Emphasis added).

"4. I give and bequeath to my daughters, Catherine Carson and June Simmons, all furniture on the property number 218 North Street.

"5. All the rest, residue and remainder of my estate, including any money left from the sale of the property 327 Lincoln Street, I give to my seven children, Joseph D. Gillerlain, Frank Gillerlain, Virginia Bazemore, Leo N. Gillerlain, Nellie Harrison, Catherine Carson and June Simmons, in equal shares.

"6. I nominate and appoint Leo N. Gillerlain and Catherine Carson as Executor and Executrix of my estate and I empower them to sell the real estate number 327 Lincoln Street and I request the court to allow them to qualify without security.

"Given under my hand and seal this fourth day of September, 1953.

*JOSEPH P. GILLERLAIN* (SEAL)"

After taking the evidence of the parties, the commissioner reported that the provision in Clause 2 of the testator's will, which is as follows: "* * * with the understanding that each of my said daughters will occupy one of the apartments and rent the other apartment and use the rent for the upkeep of the property until the youngest child of said daughters reaches the age of sixteen years, that is the youngest child now living," was a limitation on enjoyment and is in restraint of alienation and to hold the provision mandatory would place an undue hardship on the devisees and be contrary to public policy. He also decided that the words "with the understanding" were not mandatory but were precatory words which did not create a trust or provide for forfeiture of the property in the event of non-compliance with the terms; that June Simmons and Catherine Carson were the fee simple owners of the property which was the subject matter of the suit, each owning an undivided one-half interest therein, and that the property was subject to partition.

The appellants filed exceptions to the commissioner's report. The exceptions were overruled by the court and the report was confirmed, to which action of the court the appellants excepted.

Appellants contend that the language of Clause 2 creates a spendthrift trust as permitted by § 55-19, Code 1950, and thus prevents partition or sale of the property until the youngest child of Catherine Carson or June Simmons, living at the time of testator's death, attains the age of sixteen, and appellants concede that their case stands or falls on this issue.

In order to determine the testator's intent, we must look to the four corners of his will. The appellants introduced evidence before the commissioner, over the objection of appellee, to show the testator's intention as expressed by him on several occasions. We do not consider that evidence now. The statements relied upon are vague and indefinite. In any event such evidence was inadmissible. In *Smith v. Baptist Orphanage*, 194 Va. 901, 903, 75 S. E. 2d, 491, Mr. Justice Buchanan, speaking for the court said "Where there is necessity for interpretation, extrinsic evidence of what is called the facts and circumstances, *i. e.*, facts that concern the testator, his property, his family, the claimants under the will, their relation to the testator, and like matters, may be introduced; but there is only one situation in which evidence of the testator's declarations of intention may be admitted, and that is where the will described equally well two or

more persons or things and such declarations are offered to show which was meant, called a case of equivocation, * * *."

It will be observed that neither in Clause 2 nor in any other part of the testator's will is any mention made of a forfeiture of the devise if the provision in Clause 2 is not complied with.

In *Dunlop* v. *Dunlop's Executors*, 144 Va. 297, 308, 132 S. E. 351, the court said:

" 'It is unnecessary to go into at length the well known doctrine that neither a testator in a will nor a grantor in a deed can give a fee simple estate in either real or personal property and endeavor to impose upon the donee any condition incompatible with the usual and necessary incidents accompanying a fee simple estate. Among such incidents are the complete right of alienation, without let or hindrance and the liability of the property for the debts of the donee..

" 'This doctrine has been recognized in Virginia in the case of *Hutchinson* v. *Maxwell*, 100 Va. 175, 40 S. E. 657, 57 L. R. A. 384, 93 Am. St. Rep. 944, where the court says: 'It is well settled in this country and in England, from which country we derived the principles of our jurisprudence, that a gift or grant of a beneficial estate, in fee or absolutely, whether legal or equitable, has certain legal incidents of which the estate cannot be divested, and all conditions adopted for that purpose are necessarily repugnant and void. Among those incidents are the donee's or grantee's power of alienating such estate, and its liability for his debts. Coke Upon Litt. 223a; *Brandon* v. *Robinson*, 18 Vesey 429; 2 Minor's Inst. (4th ed.), 287-8; Gray's Restraints on Alienation (2d ed.), secs. 105 and 134.

" ' "The reason for this doctrine or principle is the repugnancy of such restraints upon the ordinary rights of property, and that property would thereby be withdrawn from the ordinary rules and channels of commerce and trade." '

" 'This doctrine applies to personalty equally with real estate. Gray's Restraints on Alienation (2d ed.), sec. 27.' "

[ Appellants, in support of their contention that the language in Clause 2 "with the understanding" is mandatory, state that the same words are used in Clause 3 of the will and are there clearly intended to be of mandatory effect. They argue that if the testator had intended the words "with the understanding" to have a different meaning in Clause 2 from that in Clause 3 he would have used different words. Reliance is placed upon the canon of construction that when one uses the same words in different places in an instrument relating

to the same subject matter, he intended that they should have the same meaning, unless there is something in the context showing that the words were used in a different sense.

For a discussion of the intent of a testator as gathered from the same word used in different parts of the will see *Bessie R. Griffin* v. *Central Natl. Bk.*, 194 Va. 485, 491, 74 S. E. 2d 188.

The decisions of *McMurry* v. *Stanley*, 69 Tex. 227, 6 S. W. 412, which construed the words "will and devise" used more than once in the same instrument, and *Grieves* v. *Grieves*, 132 Md. 300, 103 A. 572, which construed the word "desire" repeatedly used in the will in question, are cited in support of this principle, and it is insisted that since the words "with the understanding" are mandatory in Clause 3, they are mandatory in Clause 2.

We cannot agree with the appellants' conclusion, for the testator went further in Clause 3 and said "such sums to be a charge on the property", which indicates that he did not interpret the words "with the understanding" to be mandatory and sufficient to establish a trust or a charge on the property in Clause 2. The testator could have included mandatory words in Clause 2 as he did in Clause 3 had it been his desire or intent.

Black's Law Dictionary defines precatory words as "Words of entreaty, request, desire, wish, or recommendation, employed in wills, as distinguished from direct and imperative terms."

In *Bosworth* v. *Kilbourn*, 304 Ky. 628, 633, 201 S. W. 2d 904 precatory words are described as follows: "Generally precatory words are defined as words expressing direction, recommendation, desire, wish, request, and the like. When appearing they are more often deemed mandatory when directed to an executor, but generally when directed to devisees, will not be made imperative unless it appears that they were intended to create a legal obligation. They generally imply discretion unless a different sense is irresistibly forced by the context."

In *Smith* v. *Baptist Orphanage*, *supra*, the testator devised certain property to his wife for life and at her death to his son in fee. By a codicil thereto he expressed the wish that if his son had no issue he should devise the fee in said property to the Baptist Orphanage, subject to a life estate in the wife of his son. The son instituted a suit to construe the will after the death of the testator and his widow. The court held that the precatory words of the codicil did not establish a trust on the property in question and that fee simple title was vested

in the son upon his mother's death, and pointed out that the view that precatory expressions ought, *prima facie*, to be considered as imperative as established by earlier Virginia cases has been relaxed and is no longer followed. The court further stated "* * * [T]he question in all cases is whether a trust was or was not intended to be created; *i. e.*, looking at the entire context of the will and the facts and circumstances properly admitted into evidence, did the testator intend to impose a binding obligation on the devisee to carry out his wishes, or did he mean to leave it to the devisee to act or not at his own discretion?"

The testator in Clause 2 devised the property described therein to June Simmons and Catherine Carson in fee simple as joint tenants. The language used beginning "with the understanding" is nothing more than a request, desire or recommendation, constituting mere precatory words which do not create a spendthrift trust. The property is subject to partition in one of the modes prescribed by law.

The decree appealed from is

*Affirmed.*