### 17996

Vernon DOZIER et al., Appellants, v. Dolly Perry ABLE, individually and as Executrix, et al., Appellants, and Robert S. Perry, Sr., et al., Respondents.

(128 S. E. (2d) 682)

*Messrs. Walter T. Lake* and *Blease & Griffith,* of New-berry, and *Griffith, Coleman & Griffith,* of Saluda, and *James H. Howey,* of Lancaster, *for Appellants,*

*Messrs. Thomas H. Pope,* of Newberry, *James B. Hare,* of Saluda, *Winter & Winter,* of Columbia, and *Bethea & Robinson,* of Reidville, N. C., *for Respondents,*

*Messrs. Walter T. Lake* and *Blease & Griffith,* of New-berry, *Griffith, Coleman & Griffith,* of Saluda, and *James H. Howey,* of Lancaster, *for Appellants, in Reply,*

. December 3, 1963.

BRAILSFORD, Justice.

· This is an action for the construction of the will of Walter E. Perry, deceased, which was executed on January 27, 1953, and was probated on March 20, 1960, particularly Item V thereof, which we quote:

"I will, and devise and bequeath all the rest and residue of my estate, both real and personal property of which I may die seized and possessed unto all of my first cousins and my aunt, Mrs. Connie Crisp, the children of the said Connie Crisp not to share in the distribution and not to have any part of my estate, the same to be divided among my first cousins other than the children of the said Connie Crisp, and the said Mrs. Connie Crisp, equally and share and share alike. And in case of the death of any of the *said devisees,* before my death, then and in that event the child or children *of such deceased devisee* to take the portion the parent would have taken if living at my death." (Italics added.)

The testator had 54 first cousins, of whom 22 survived him. Twenty-three first cousins died prior to the making of

the will, most of them leaving issue, and seven first cousins and Connie Crisp died after the execution of the will and before testator's death, leaving children.

The sharp controversy is whether the children of those persons who would have been members of the class of first cousins, had they not died prior to the execution of the will, are entitled to share in the residuary estate. The circuit court held in favor of these claimants and the correctness of this decision is the sole question on appeal.

It is settled law that a testamentary provision in favor of one which is dead at the time of the making of the will is ineffectual and void *ab initio*. *Padgett v. Black*, 229 S. C. 142, 92 S. E. (2d) 153, and authorities cited. Thus, respondents' parents, having died before the making of the will, were not members of the class created by the first sentence of Item V, quoted above. Respondents concede this and do not claim a first cousin's share by substitution for their respective parents. Instead, they contend that the last sentence of Item V created an additional class to which they belong, composed of children of all deceased first cousins, "to whom direct, independent gifts were made."

This claim is refuted by the testamentary language on which it must rest. After making a class gift to all of his first cousins, except the children of Connie Crisp, the testator made an alternative provision in case of the death of any of the *said devisees* before his death, in which event the child or children of *such deceased devisee* should take the *portion the parent would have taken if living at his death*.

Where there is a class gift with an alternative provision for the issue of deceased persons, otherwise within the class, there is sometimes ambiguity as to whether the testator intended to benefit the issue of those who had died prior to the making of the will. In the absence of language indicating a contrary intention, one line of cases in this country treats the alternative clause as strictly sub-

stitutional and excludes issue whose parent died prior to the making of the will. In this situation, another line of cases treats the alternative proposal as adding a new class, composed of the issue of *all* deceased persons, otherwise within the description of the original class, who take as primary beneficiaries and not by substitution to the interests given in the prior clause. The decision below was based principally on the court's preference of this rule. As stated in the circuit decree, the distinction between the two lines of decisions is aptly expounded in *Hayward v. Barker,* 113 N. Y. 336, 21 N. E. 142. We refrain from quoting from this opinion or from discussing the numerous authorities cited in the circuit decree and in the briefs, because the testamentary language with which we deal relieves us of the necessity of making a choice between the conflicting views expressed by the courts of other jurisdictions, South Carolina not being committed. All of the authorities recognize that the testator has the right to include or to exclude the issue of persons who would have been members of the class had they been living when the will was executed; and whether he does or does not include them depends upon his intention as expressed in the will. 96 C. J. S., Wills, § 743; 57 Am. Jur., Wills, Section 1183; American Law of Property (1952 Edition), Vol. V, pp. 405-408; Restatement of the Law of Property, Sec. 297.

Respondents simply do not meet the description of the class of children entitled to take under the alternative or substitutional clause, whichever it may be termed. They are children of deceased first cousins, but they are not and never were children of deceased *devisees.* It is only "in case of the death of any of said devisees before" testator's death that children are to take at all, and, in that event, only the "children of such deceased devisee" shall take.

Patently, *deceased devisee* and *deceased first cousin* are not synonymous terms, as they must be read if respondents are to be included in the description of the class. To so construe them thwarts testator's deliberate choice of the words

*devisees* and *devisee* to express their ordinary meaning. In context, they aptly express testator's intention that should any primary beneficiary, whether an aunt or a first cousin, die before the will should take effect, the child or children of such deceased *devisee* should take the share the parent would have taken if living at testator's death.

Connie Crisp, testator's aunt, predeceased him, survived by issue. The circuit court concluded that her children were entitled to the share she would have taken if she had survived testator. This result necessarily depended upon their being children of a deceased *devisee,* not a *first cousin,* and was clearly correct. We are not warranted in giving a different meaning to the identical testamentary language in determining the rights of the children of other deceased persons, who were *first cousin*s but who were not *devisees.*

We have carefully considered the entire will and have not commented on other clauses because they do not illuminate the issue. Read as a whole, the will is devoid of any language even suggesting that the testator intended to benefit relations more remote than first cousins, except in the event of the death of an intended first-cousin beneficiary, leaving children, intermediate the making of the will and its taking effect. There is nothing to indicate that testator's mind even adverted to the fact that he had more remote relatives, who were the children of predeceased first cousins.

Unless parties claiming to be members of a class created by a will can show their right to membership by the terms of the will itself, they can not be let in, for to admit them would be to make a new will for the testator.

"In arriving at the intention of the testator, the courts are not concerned with what he ought or ought not to have done. A testator having a right to his property, the courts are only concerned with construing the will as it is written." *Peoples Nat. Bank of Greenville v. Harrison et al.,* 198 S. C. 457, 18 S. E. (2d) 1.

"* * * The intention of a testator must be ascertained from the language he uses, where it is clear and unambiguous. * * *

\* \* \*

"* * * Wills are made by the testators, not by the Court. The Court has no right to say what a testator might have done, or to remake his will for him, but it is absolutely governed under the law to construe wills as they are written, if the language used is clear and unequivocal." *Wolfe v. Wolfe,* 215 S. C. 530, 56 S. E. (2d) 343.

Reversed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.