423 So.2d 400 (1982)
In re ESTATE OF Richard A. WAGNER.
Reginald T. LYMAN and Kenneth R. Lyman, Appellants,
v.
Mary FOLAN, Appellee.
No. 81-2111.
District Court of Appeal of Florida, Second District.
November 3, 1982.
Rehearing Denied December 17, 1982.
*401 Edward F. Koren and Steven D. Merryday of Holland & Knight, Lakeland, for appellants.
William H. Grace of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellee.
HOBSON, Acting Chief Judge.
The brothers Reginald and Kenneth Lyman appeal an order which ruled 1) that the antilapse statute is inapplicable and thus they are not entitled to share as beneficiaries in the portion of the estate of the testator, their uncle Richard Arthur Wagner, which he devised to named sisters who died after execution of the will but before his death; and 2) that the lapse statute is applicable and thus the lapsed portion passes to the surviving named beneficiaries. We affirm in part and reverse in part.
The testator, a resident of Florida, executed a four-clause last will and testament in Florida in 1971. Clause FIRST provided for the payment of debts and funeral expenses. The four-paragraph Clause SECOND devised specified percentages of "all the rest, residue and remainder of my estate" to designated beneficiaries. Paragraph A of Clause SECOND bequeathed 30% of the "residue" in three equal shares of 10% to the testator's three younger blood sisters: Lucile Lyman (appellants' mother), Rita Wykof and Frances Sluka. The paragraph provided that "[s]hould any of my sisters predecease me, then her share shall be distributed to my surviving sisters, equally." Paragraph B bequeathed 20% of the "residue" to appellee, Mary Folan, the testator's only child. The paragraph stated that "[s]hould my said daughter predecease me, then her share shall be distributed to her surviving children hereinafter named, in equal shares." Paragraph C bequeathed 40% of the "residue" in four equal shares of 10% to the testator's four grandchildren: Lee Ann Folan, James Folan, Richard Folan and Karen Folan. The paragraph provided that "[s]hould any of my said grandchildren predecease me, then his or her share shall *402 be distributed to my surviving named grandchildren, in equal shares." Paragraph D bequeathed the remaining 10% of the "residue" in two equal shares of 5% to two nephews of the testator: Edwin and Louis Wagner, sons of a blood brother who predeceased him. The paragraph stated that "[s]hould either of my said nephews predecease me, then his share shall be distributed to my surviving nephew." Clause THIRD appointed appellee as executrix of the estate. Clause FOURTH provided for the appointment of a different person as executor in the event that appellee could not serve as executrix.
The testator died on December 20, 1979. All of his sisters named in paragraph A of Clause SECOND predeceased him. Frances Sluka died in 1976 without surviving children. Rita Wykof died in 1977 without surviving children. Lucile Lyman died in 1978 survived by appellants.
Following probate of the will, appellee filed a petition for determination of beneficiaries, requesting that the court ascertain whether the antilapse statute entitled appellants to receive the devise described in paragraph A. She certified that she had furnished copies of the petition to appellants, the testator's four grandchildren named in paragraph C and the testator's two nephews named in paragraph D. Appellants filed a response contending that the paragraph A devise should pass to them under the antilapse statute because their mother survived her sisters. The court ruled that "the antilapse statute does not apply in this matter" and that the paragraph A devise passes under the lapse statute "to the other residuary devisees in proportion to their interest in the residue."
Two issues present themselves on appeal: first, whether the antilapse statute applies; and, second, if it does not apply, whether the lapse statute applies.
Section 732.603, Florida Statutes (1979), the antilapse statute, reads in pertinent part:
732.603 Antilapse; Deceased Devisee; Class Gifts.  Unless a contrary intention appears in the will:
(1) If a devisee who is a grandparent, or a lineal descendant of a grandparent, of the testator:
(a) ...
(b) Fails to survive the testator ...
(c) ...
then the descendants of the devisee take per stirpes in place of the deceased devisee... .
Section 732.604, Florida Statutes (1979), the lapse statute, states in whole:
732.604 Failure of Testamentary Provision. 
(1) Except as provided in s. 732.603, if a devise other than a residuary devise fails for any reason, it becomes a part of the residue.
(2) Except as provided in s. 732.603, if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to the other residuary devisees in proportion to their interests in the residue.
The parties only concern themselves with the issue of whether the antilapse statute applies. Essentially, they disagree about the testator's intent regarding the point in time to which the words "my surviving refer in the paragraph A phrase "my surviving sisters." The testator provided in paragraph A that "[s]hould any of my sisters predecease me, then her share shall be distributed to my surviving sisters, equally." Appellants assert that the antilapse statute is applicable because they believe that he intended by this language to provide for the distribution of a predeceased sister's share to her surviving sisters regardless of whether her surviving sisters survived him. In contrast, appellee contends that the antilapse statute is inapplicable because she thinks that he meant to provide for the distribution of a predeceased sister's share to her surviving sisters only if her surviving sisters survived him.
A universal caveat in antilapse statutes is that their provisions yield to an adverse intention of the testator. The Florida *403 statute is no exception. See section 732.603.
The testator's intent should be discerned from a consideration of the entire will. Brickell v. DiPietro, 145 Fla. 23, 198 So. 806 (Fla. 1940); In re Estate of Ritz, 385 So.2d 1102 (Fla. 5th DCA 1980). Where a testator's intent is obscured by ambiguous and uncertain language, as here, it is proper to invoke common law canons of testamentary construction in order to determine the signification of the wording. See Filkins v. Gurney, 108 So.2d 57, 58 (Fla.2d DCA 1959).
A basic rule of construction is that words occurring more than once in a will are presumed to carry the same meaning unless a contrary intent appears or unless the words are applied to a different subject. See, e.g., Schaefer v. Merchants National Bank of Cedar Rapids, 160 N.W.2d 318 (Iowa 1968); Dozier v. Able, 241 S.C. 358, 128 S.E.2d 682 (1962); Smith v. Town of Groton, 147 Conn. 272, 160 A.2d 262 (1960); Carson v. Simmons, 198 Va. 854, 96 S.E.2d 800 (1957); Gordon v. Gordon, 332 Mass. 197, 124 N.E.2d 228 (1955), cert. denied, 349 U.S. 947, 75 S.Ct. 875, 99 L.E. 1273 (1955); In re Lidston's Estate, 32 Wash.2d 408, 202 P.2d 259 (1949); In re Hall's Will, 114 Vt. 400, 45 A.2d 574 (1946); In re Paulsen's Estate, 113 Colo. 373, 158 P.2d 186 (1945). We presume that the testator intended for the words "my surviving" in paragraphs A, C and D to refer to the same point in time in the survivorship sense. (The will does not evidence an intent which would rebut this presumption. Further, the testator applied the words "my surviving" in paragraphs A, C and D to the identical subject: the disposition of portions of the "residue" of his estate.) A logical deduction from this presumption is that the testator intended for the words "her surviving" in paragraph B to refer to a different point in time.
By examining the survivorship language in paragraph B it is possible to determine the testator's intent regarding the differing points in time to which the words "her surviving" and "my surviving" refer. The testator provided in paragraph B that in the event his only daughter predeceased him, her share would pass to "her surviving children hereinafter named, in equal shares." By employing the phrase "her surviving children hereinafter named" instead of "my surviving grandchildren hereinafter named," he undoubtedly intended that the children who survived his predeceased daughter would share in her portion regardless of whether her surviving children survived him. It follows that he used the words "my surviving sisters" in paragraph A instead of "her surviving sisters" to show that he intended for a predeceased sister's portion to be divided among her surviving sisters only if her surviving sisters survived him.[1]
A second fundamental rule of construction is that words of survivorship relate to the time of the testator's death in the absence of a manifestation of a different intent. See Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699 (1947); In re Northrip's Will, 258 A.D. 71, 15 N.Y.S.2d 789 (N.Y. App. Div. 1939), aff'd 282 N.Y. 797, 27 N.E.2d 205 (1940); In re Nass' Estate, 320 Pa. 380, 182 A. 401 (1936). This rule of construction has been implicitly applied with uniformity in cases involving the words "my surviving... ." See Veal v. King, 216 Ga. 298, 116 S.E.2d 223 (1960); Nass' Estate; In re Koorbusch's Will, 199 Misc. 861, 103 N.Y.S.2d 462, 465 (Sur.Ct. 1951).
We thus hold that the antilapse statute is inapplicable because the testator intended for the survivorship language in paragraph A (and, of course, in paragraphs *404 C and D) to relate to the time of his death. Accordingly, the portion of the trial court's order ruling the antilapse statute inapplicable is affirmed.
The remaining issue is whether the devise described in paragraph A of Clause SECOND passes under the lapse statute to the surviving beneficiaries named in paragraphs B, C and D of Clause SECOND. The paragraph A devise would pass under the lapse statute to the surviving named beneficiaries if they were residuary beneficiaries. See section 732.604. However, notwithstanding the unequivocal introductory language of Clause SECOND ("I give, devise and bequeath all the rest, residue and remainder of my estate ..."), they are not residuary beneficiaries. A residuary clause disposes of the portion of the estate remaining after the satisfaction of bequests. See Luxmoore v. Wallace, 145 Fla. 325, 336-37, 199 So. 492, 496 (Fla. 1941); Husson v. Bensel, 124 Fla. 304, 307, 168 So. 395, 396 (Fla. 1936). Clause SECOND is not a residuary clause because it disposes of the testator's entire distributable estate. In re Levy's Estate, 196 So.2d 225 (Fla.3d DCA 1967). The provision in Clause FIRST for the payment of debts and funeral expenses does not constitute a bequest because section 733.707, Florida Statutes (1979), requires that debts and funeral expenses be paid out of the estate. Clauses THIRD and FOURTH obviously are not residuary clauses. The devise described in paragraph A thus descends under the applicable intestate statutes.[2]
The portion of the trial court's order disposing of the devise outlined in paragraph A pursuant to the lapse statute is, accordingly, reversed and the cause is remanded with directions that the paragraph A devise pass under intestacy.
AFFIRMED in part, REVERSED in part and REMANDED.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] Similarly, he opted to use the phrase "my surviving named grandchildren" in paragraph C instead of "his or her surviving siblings" to demonstrate his intent that a predeceased grandchild's portion would be divided among surviving siblings only if the predeceased grandchild's surviving siblings survived the testator. Further, he chose to employ the phrase "my surviving nephew" in paragraph D instead of "his surviving brother" to show his intent that a predeceased nephew's share would pass to the other nephew only if the deceased nephew's surviving brother survived the testator.
[2] Since the testator died without a surviving spouse, the paragraph A devise descends entirely to his lineal descendants, per stirpes. See sections 732.103, 732.104, Fla. Stat. (1979). Thus, the testator's two nephews named in paragraph D cannot share in the paragraph A devise.