**In re Harold Huntly HERSCH t/a 3 HHH Hog Farm, Debtor.**

**Bankruptcy No. 84–01011–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Feb. 11, 1986.

Peter W. Steketee, Smith & Davenport, Manassas, Va., for debtor.

Roy B. Zimmerman, Alexandria, Va., trustee.

Stephen S. Mitchell, Alexandria, Va., for Warrenton Production Credit Ass'n.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

On July 31, 1984, H. Huntly Hersch filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 ("the Code"), and listed as exempt from the bankruptcy estate his interest in a testamentary trust created by his deceased father.[1] Warrenton Production Credit Association ("Warrenton"), taking issue with the debtor's characterization of the trust as a spendthrift trust protected from the reach of creditors, objected to the claim of exemption. In addition, Warrenton questions the debtor's valuation of the trust at $1,500.00, arguing that debtor's potential interest exceeded $100,000.00.

### Spendthrift Trust

Virginia law recognizes as valid a trust held for support and maintenance which the beneficiary cannot assign and his credi-

tors cannot disturb. *See* 1950 Va.Code § 55–19 (Repl. vol. 1984). This Court must uphold such a "spendthrift" trust, if properly created, under section 541(c)(2) of the Code, which preserves in bankruptcy a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." *See Rountree v. Lane,* 155 F.2d 471 (4th Cir.1946); *In re Wilson,* 3 B.R. 439 (Bankr.W.D.Va.1980). *See also Eaton v. Boston Safe Deposit & Trust Co.,* 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723 (1916) (interpretation of the Bankruptcy Act of 1898); *In re Graham,* 726 F.2d 1268, 1271 (8th Cir.1984) (discussion of legislative policy regarding spendthrift trusts under section 541). Under these settled principles, the proper resolution of the issue before the Court turns on whether the trust created for the debtor qualifies as a spendthrift trust. If so, the debtor's interest in the trust corpus is immune from creditors' claims.[2] If, however, no spendthrift trust is created, the trust corpus is property of the bankruptcy estate.

The defining characteristics of a spendthrift trust are three in number. The trust must provide for the support and maintenance of its beneficiary. In addition, the settlor must intend, whether evidenced by express provision or implied from the four corners of the trust instrument, to protect the trust from the beneficiary's creditors. Lastly, the settlor must intend also to pre-

---

1. Both the debtor and his father are named Harold Huntly Hersch. The father, Harold H. Hersch, shall be referred to as "the testator"; the son, H. Huntly Hersch, shall be referred to as "the debtor."

2. The Bankruptcy Court for the Southern District of New York recently held that disbursements from a spendthrift trust, received by the debtor within 180 days after the filing of her petition, are included in the bankruptcy estate despite the protection from creditors afforded the trust corpus by the settlor. *See In re Hecht,* 3 Bankr.L.Rep. (CCH) ¶ 70,821, at 87,931 (Bankr.S.D.N.Y. October 21, 1985). The *Hecht* court determined that the debtor "acquired" the trust disbursements within the meaning of section 541(a)(5)(A) at the time the debtor received or was to receive them. *Id.* *But see In re*

*Edgar,* 728 F.2d 1371, 1372 (11th Cir.1984) (under section 70(a) of the Bankruptcy Act of 1898, debtor's interest in spendthrift trust income "vests" upon death of testator; debtor's post-petition trust income therefore is excluded from bankruptcy estate). The *Hecht* decision is in accord with the applicable non-bankruptcy law of spendthrift trusts, which permits creditors to reach trust monies held by the debtor. *See* 3 Bankr.L.Rep. (CCH) ¶ 70,821, at 87,931 fn. 5. The parties at bar have not placed before this Court the issue decided in *Hecht.* The debtor represents that the trust has not yet been funded, and the Court therefore assumes that no trust funds have been disbursed to the debtor. Thus, the Court does not rule on the proper disposition of a debtor's spendthrift trust income.

vent the beneficiary's voluntary or involuntary alienation. *See In re Wilson*, 3 B.R. 439, 442 (Bankr.W.D.Va.1980). *See generally* 17 M.J. *Spendthrift Trusts* § 1 (1979); 76 Am.Jur.2d, *Trusts* § 150 (1975).

In Item Four of the Harold H. Hersch will, the testator placed his entire estate (save two gifts of real estate each valued at five percent (5%) of the adjusted gross estate) in trust for his two sons, the elder of whom is the debtor at bar. Paragraph One of Item Four directs the trustee to apply the income of the debtor's share of the trust to the debtor's support and maintenance until the debtor reached the age of twenty-one. Upon reaching age twenty-one, the debtor was to receive the total net income of his trust share without regard to his needs for support or maintenance. When the debtor reached age twenty-five, the testator further directed, the trustee was to augment the total net income paid to the debtor with a percentage of his trust principal. Such percentage was to increase over time until the debtor reached age thirty-five, when the entire remaining principal was to pass to the debtor. For the entire term of the trust arrangement created in Paragraphs One through Five, the testator provided the trustee with discretionary authority to pay over to the debtor any portion of his trust share that the trustee found necessary or beneficial for the debtor's support, maintenance, health, welfare or education. *See infra* footnote 4 (text of discretionary provision).

The debtor claims that the Item Four provisions create a spendthrift trust. Warrenton, however, urges that no spendthrift trust exists, because no intent that the trust be held free from the claims of creditors or assignees is discernable from the instrument. Consequently, Warrenton requests that the debtor's claim of exemption be disallowed.

In both Paragraph One and Paragraph Six of Item Four the testator makes clear his purpose that the sums there described provide for the support and maintenance of the debtor. There is little question that this usage restriction applies to Item Four

in its entirety and fulfills the first intent requirement of a spendthrift trust as set forth by the United States Court of Appeals for the Fourth Circuit when it considered a similar circumstance in *Rountree v. Lane*, 155 F.2d 471 (4th Cir.1946).

In *Rountree*, the Fourth Circuit held that a support and maintenance usage restriction applied generally to payments made under the trust even though the restriction was not included in every provision of the trust instrument. The settlor in *Rountree* noted that should his beneficiary be under twenty-one at the settlor's death, the beneficiary's share of trust income should be paid to a trustee and applied to the beneficiary's support and maintenance until he reached twenty-one years. *Id.* at 472. The settlor failed to similarly restrict the beneficiary's use of the income should he be older than twenty-one and thus receive the funds directly. *Id.* Upon the beneficiary's bankruptcy, creditors argued that the lack of a support and maintenance restriction in the latter provision caused that trust to fail as a spendthrift trust, and therefore permitted trust income paid directly to the debtor to pass into the bankruptcy estate. *Id.* at 473. The court disagreed, finding reasonable the conclusion that the testator intended that trust funds paid to the beneficiary be used for the same purpose as funds held by the trustee. *Id.* at 474.

The facts before the Court are nearly identical to those considered by the Fourth Circuit in *Rountree*. Although testator Hersch placed the usage limitation in only two of the six paragraphs in Item Four, this declaration of intent is sufficient under the *Rountree* decision to fulfill the first intent requirement of a spendthrift trust. Accordingly, the Court finds that the testator intended that the Item Four trust assets be applied to the support and maintenance of the trust beneficiaries.

In contrast, there appears no similar explicit statement of the testator's intent regarding the claims of creditors or alienability of debtor's trust benefits. Absent a clear expression of the testator's intent, the Court must attempt to determine whether

or not the requisite intent is established by implication.

> [I]t is not essential that the instrument should ... contain an express declaration that the interest of the [beneficiary] in the trust estate shall be beyond the reach of creditors if the intention of the testator ... to create such a trust is clearly disclosed by the instrument as a whole. 17 M.J. *Spendthrift Trusts* § 1 at 162 (1979).

While no Virginia court has decided the question, other authorities indicate that the mere designation of funds for application to support and maintenance is not a sufficient basis from which the Court may infer the requisite protective intent. *See* 76 Am. Jur.2d, *Trusts* § 150 at 392 (1975), citing *Wenzel v. Powder,* 100 Md. 36, 59 A. 194 (1904). Decisions by Virginia courts ruling on the implication of protective intent involved at least an incomplete or imprecise expression in the trust instrument of the settlor's intent. *See In re Wilson,* 3 B.R. 439, 442 (Bankr.W.D.Va.1980) (clause exempting trustee from beneficiary's assignment of trust income "to the extent allowed by the law of Virginia" found to be sufficient expression of intent); *Carson v. Simmons,* 198 Va. 854, 856, 96 S.E.2d 800 (Va.1957) (devise of property "with the understanding that" testator's child could remain as tenant and that child's rent payments would be applied to costs of upkeep found insufficient showing of testator's intent to prohibit alienation).

In the case *sub judice* there appears no indication, however imperfect, that the testator intended to immunize the trust from the debtor's creditors or grantees.[3] Counsel has submitted no extrinsic facts or circumstances surrounding the execution of the will to indicate that the settlor had such an intent despite his failure to include it in the instrument. *See Rowley v. American Trust Co.,* 144 Va. 375, 380, 132 S.E. 347 (Va.1926) (parol evidence admissible regarding testator's intent to create spendthrift trust when instrument ambiguous); *Sheridan v. Krause,* 161 Va. 873, 887, 172 S.E. 508 (Va.1934) (court, considering beneficiary's dire circumstances at time codicil created, concluded that testator intended a spendthrift trust). In the absence of the testator's protective intent, the Court declines to find that Item Four created a spendthrift trust.

*Trust for Support and Education*

Having rejected the debtor's characterization of the various Item Four provisions as a spendthrift trust, this Court is of the opinion that it must nevertheless consider, *sua sponte,* whether Item Four Paragraph Six[4] created a trust for necessary support and education. *See* 76 Am.Jur.2d, *Trusts* § 165 (1975). At least one Virginia case has, in *dicta,* approved the notion that, by virtue of its purpose, a trust for support and education carries with it protection for the beneficiary from creditors and assignees.[5] *See Garland v. Garland,* 87 Va. 758,

---

**3.** For this reason, the Fourth Circuit's holding in *Rountree* provides no aid for the debtor on the issue of protective intent. The issue in *Rountree* was the breadth of applicability of the settlor's expression of his intentions. *See* 155 F.2d at 473. Where, as here, the settlor is silent on the subject, this Court would indulge in the purest of speculation to find that the requisite intent was present.

**4.** Item Four Paragraph Six states, in pertinent part:

> 6. While the share for such child or any part thereof is being held by my Trustee as above provided, my Trustee is authorized to pay to such child or expend for his benefit so much of the principal of his share, or of the part thereof so held, as my Trustee, in his sole

discretion, shall from time to time deem necessary for his support, maintenance and education, or for any situation or circumstance affecting said child which the said Trustee may deem to be clearly necessitous or beneficial as it may affect the educational attainment, health and welfare of the said child.

**5.** Although the trust for support and education receives the same protection from assignees and creditors, it is distinguished from a spendthrift trust as a matter of law. *See Hutchinson v. Maxwell,* 100 Va. 169, 174, 40 S.E. 655 (Va. 1891). A spendthrift trust is immune from the claims of assignees and creditors because the settlor intended such an arrangement. The law endows a trust for support and education with like protection solely because of the limited purpose for which the testator provided funds.

13 S.E. 478 (Va.1891). The *Garland* court noted that use of the trust corpus or income for other than the designated purpose was a breach of the trust. *Id.* at 762. Therefore, the limitation of purpose alone constrained the debtor's use of the trust so as to preclude alienation or use for satisfaction of debts. *Id.*

Because the beneficiary cannot validly assign his interest in a trust for support and education, the trust assets are not property of the bankruptcy estate. *See* 11 U.S.C. § 541(c)(2). The effect of a finding that the Hersch will creates such a trust is, therefore, identical to the effect of a finding that the will creates a spendthrift trust.

No court subsequent to the *Garland* court has sheltered a trust for support and education from assignees or creditors merely by virtue of the purpose of the trust. This Court need not consider the merits of the logic put forward in *Garland*, for the case at bar is distinguishable on its facts. The trust at issue in *Garland* actually contained, in addition to the support limitation, explicit language indicating that the benefits of the trust could not be applied in satisfaction of the beneficiary's creditors. *Id.* at 760. These two limitations lent credence to the conclusion, suggested by the *Garland* court, that the settlor's intent that the beneficiary receive only the amount necessary for his support be given literal effect. *See id.* at 761. Similar limiting language indicative of the testator's intent is absent in the case at bar.

Further, the *Garland* case involved a trust of real estate under which the beneficiary used and cultivated land. *Id.* at 760. The testator directed that the beneficiary apply any profits to his own support. *Id.* Commentators cite the case as limiting to a real estate trust the potential automatic immunization of the trust from creditors and assignees. *See* 76 Am.Jur.2d, *Trusts* § 165 (1975).

Although the Hersch estate included real estate, it also included many other significant assets. The debtor's share of the trust principal was in no fashion restricted to or required to include any real estate holdings, nor was the trustee prevented from selling the testator's real estate.

It is at best a strained reading of *Garland* to conclude that the trust for support found in the Hersch will by its nature shields the trust from creditor's claims. Accordingly, this Court finds that the trust here at issue cannot be considered a trust for support and education.

In sum, the debtor has failed to meet the requirement of the Code that there must exist a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law." 11 U.S.C. § 541(c)(2). Consequently, the debtor's share of the trust principal must be considered property of the bankruptcy estate.

*Valuation*

■ Warrenton's second objection to the debtor's claimed exemption prompts the Court to examine the valuation of the Item Four trust. In Schedule B–4, the debtor estimated the value of the purported spendthrift trust to be $1,500.00. Warrenton maintains that the trust exceeds $100,-000.00 in value, and offers in support of its position the executor's original inventory of the estate and three subsequent annual accountings. According to the inventory, the estate included real estate holdings valued at $506,710.20, and other properties valued at $312,758.46. In his most recent annual accounting, recorded on December 19, 1983, the executor valued the testator's non-real estate assets at $252,269.00.

Warrenton's challenge to the exemption is based on the value limit placed on exempt property by section 34–4 of the Virginia Code.[6] *See* 1950 Va.Code § 34–4

---

6. Under Bankruptcy Code section 522, a debtor may elect between the exemptions there provided and such exemptions as may be available under state law. 11 U.S.C. § 522. Under section 522(b)(1), a state may preclude a debtor from electing the federal exemptions and require that he claim as exempt only that property enumerated in the state statutes. Virginia has "opted out" of the federal provisions and, as a consequence, the debtor at bar claims exemp-

(Repl. vol. 1984). Under section 34–4, a debtor may exempt any real or personal property not available for exemption under the specific Title 34 exemption provisions, up to a limit in value of $5,000.00. The debtor could thus shelter a portion of his trust interest from creditors, provided his total section 34–4 exemptions did not surpass the $5,000.00 cap.[7] Warrenton claims that a proper valuation of the trust reveals that the entire trust cannot be exempted from the estate, and that the bulk of the trust must be applied in satisfaction of creditors' claims.

Even a cursory examination of the accountings submitted to the Court reveals that the debtor's trust interest exceeds $1,500.00. The debtor's share of the trust principal was to consist of one half of the net estate; the testator's gross estate exceeded $800,000.00 in value.

Under the terms of the instrument, two gifts, each valued at five percent (5%) of the testator's estate, were to be executed before the Item Four trust was funded. The Court further notes that, pursuant to a codicil to the will, the debtor received outright his father's share of their joint venture, 3 HHH Custom Farming, free and clear of the Item Four provisions. The testator directed that the executor determine the value of his share of the business and increase the trust share of his second beneficiary to compensate for this gift to the debtor.

Notwithstanding these provisions, each of which tends to lessen the value of the debtor's trust share, the debtor's interest clearly exceeds both his $1,500.00 valuation and the $1,991.67 exemption permissible under section 34–4. Consequently, the debtor may not exempt the entirety of the trust from the bankruptcy estate under section 34–4 of the Virginia Code, but is limited to an exemption not to exceed $1,991.67.

An appropriate Order will enter.

tions under Title 34 of the Code of Virginia. *See* 1950 Va.Code §§ 34–1 to 34–33 (Repl. vol. 1984).

7. The debtor's other section 34–4 exemptions total $3,008.33, leaving the debtor leeway to claim as exempt $1,991.67 of his interest in the trust at issue.