**Harry LEVEY and Leona Levey, Plaintiffs–Appellees**

v.

**FIRST VIRGINIA BANK, Defendant–Appellant,**

**and**

**Arthur Rupley, IV, Defendant.**

**No. 87–1546.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1988.

Decided April 25, 1988.

Robert Louis Deichmeister (Fagelson, Schonberger, Payne & Arthur on brief), for defendant-appellant.

Charles M. Rust–Tierney (Philip J. Hirschkop, Bernard J. DiMuro, Hirschkop & Associates on brief), for plaintiffs-appellees.

Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

ERVIN, Circuit Judge:

The Levey's, judgment creditors of Arthur Rupley, IV, sought to satisfy their judgment by attacking a spendthrift trust set up for Rupley by his grandmother. The district court ruled that the corpus of the trust is protected against Rupley's creditors; however, the income from the trust is not so protected. The Trustee appeals the decision as it pertains to the income. Finding no error below, we affirm.

## I.

Arthur Rupley, IV, borrowed and refused to pay $50,000.00 from Harry and Leona Levey in 1981. Understandably concerned, the Leveys filed suit and obtained judgment in the Circuit Court of Fairfax County against him for the principal amount owed, consequential damages, interest and attorneys fees. Feeling frustrated in their attempts to find some asset upon which to satisfy their judgment, the Leveys attacked a trust created for Rupley.

Rupley is the sole beneficiary of a trust created on April 6, 1979, by Mildred G. Rupley, his grandmother. The Trustee of the trust is First Virginia Bank, appellant herein. The trust agreement contains separate provisions relating to the income generated by the trust and the corpus of the trust. As to the income, Article 3(a) of the agreement provides: "Until grantor's grandson shall attain 40 years of age, the trust shall pay to or apply for the benefit of Grantor's grandson in quarterly or more frequent installments, all of the net income

arising from said trust." Jt.App. at 16. Article 3(b) restricts the payment of the principal of the trust as follows: "Until Grantor's grandson attains the age of 40, the trustee shall pay to or expend for the benefit of Grantor's grandson so much of the principal hereof as the trustee, in its sole discretion, shall deem necessary for the support, maintenance, general welfare and education of the Grantor's grandson." *Id.* Based on this language, the district court split the income from the corpus, and ruled that the income is vulnerable to creditors. Upon review, we can find no error in this decision.

## II.

■ Spendthrift trusts are permitted in Virginia under section 55–19 of the Virginia Code. That provision reads in pertinent part:

> § 55–19. Estates in trust subject to debts of beneficiaries; exception for spendthrift trust.

> Estates of every kind holden or possessed in trust shall be subject to the debts and charges of the persons to whose use or to whose benefit they are holden or possessed, as they would be if those persons owned the like interest in the things holden or possessed as in the uses of trusts thereof; but any such estate, not exceeding $500,000.00 in actual value may be holden or possessed in trust upon condition that the corpus thereof and income therefrom, or either of them, shall be applied by the trustee to the support and maintenance of the beneficiaries without being subject to their liabilities or the alienation by them, but no such trust shall operate to the prejudice of any existing creditor of the creator of such trust.

The statutory language protects the corpus of a spendthrift trust, the income of a trust, or both, from the beneficiaries' creditors only if the monies of the trust are to be used for the support and maintenance of the beneficiary. *Alderman v. Virginia Trust Co.*, 181 Va. 497, 25 S.E.2d 333, 340 (1943).

■ It is clear from a reading of the trust agreement involved in this case that the income monies are not disbursed only for the support and maintenance of Rupley. Rather, the income is to be paid to him without any exercise of discretion on the part of the bank as Trustee: "[T]he trust shall pay ... all of the net income" to Rupley. In this regard, the cases cited by the bank for the proposition that the trust is protected as a spendthrift trust are distinguishable. Each of the cases cited by the bank holds that for an entire trust to be invulnerable to creditors, both the income and the corpus of the trust can be paid to the beneficiary only for support and maintenance. *Alderman*, 25 S.E.2d at 342; *Sheridan v. Krause*, 161 Va. 873, 172 S.E. 508 (1934); *Rountree v. Lane*, 155 F.2d 471 (4th Cir.1946); and *In re Hersch*, 57 B.R. 667 (Bkrtcy.E.D.Va.1986). In this case, the income of the trust is unprotected.

■ The bank argues that language apart from that found in Article 3 sections (a) and (b) supplies the missing language that the income is to be used for Rupley's support and maintenance. The bank refers us to the language found in Article 3(f):

> "To the full extent allowed by law, any principal or income payable by the trustee under this agreement shall not be pledged, mortgaged, hypothecated, assigned, transferred or sold or in any manner whatsoever accelerated nor shall any principal or income in any manner be subject to or liable in the hands of the trustee for the debts, contracts, obligations, liabilities, or engagements of any beneficiary or be subject to any assignment, or any other voluntary or involuntary alienation or disposition.

Jt.App. at 17. This language from Article 3(f) does not evidence an intent by the settlor to make the income payable to Rupley only as his support and maintenance needs require; rather, it speaks to the ability of Rupley to alienate the principal or income from the trust. Under Virginia law, a spendthrift trust has three defining characteristics: First, the trust must provide for the support and maintenance of its beneficiary; second, the settlor must intend

to protect the trust from the beneficiary's creditors; and third, the settlor must intend to prevent the beneficiary's voluntary or involuntary alienation of trust property. *In re Hersch,* 57 B.R. at 668–69. Article 3(f) speaks to the third requirement of a spendthrift trust, not the first. As such, we conclude that the income of the trust is not limited to the support and maintenance of Rupley and is therefore unprotected as against creditors like the Leveys.

The statute and the case law from Virginia contemplate that either or both the income and the corpus of a trust can be denominated "spendthrift" if all requisite elements are present. In this case the corpus is so protected, the income is not. The district court correctly ruled that the income from the trust is subject to the judgment creditors' claim.[1]

AFFIRMED.

K.K. HALL, Circuit Judge, dissenting:

I cannot accept the majority's conclusion that the income from the trust is not protected from creditors. The majority has taken a restrictive view of the trust agreement which is clearly proscribed by Virginia case law. For this reason, I respectfully dissent.

In my view, the intent of the settlor is clear from the four corners of the document. I am unpersuaded by the majority's attempt to take one section of the trust agreement out of context to defeat the settlor's intentions. I am cognizant of the fact that the trust provision regarding the income does not specifically state that it is to be used for support and maintenance but rather that it is to be paid directly to Rupley or applied for his benefit. Although this provision does not fit within the precise language of Va. Code § 55–19, it does not necessarily render the spendthrift provision invalid as to income. The Virginia Supreme Court has held that this provision should be construed liberally and not restrictively, especially if the settlor's intent can be adduced from the instrument. Moreover, intent may be implied from the instrument itself. *Alderman v. Virginia Trust Co.,* 181 Va. 497, 25 S.E.2d 333 (1943).

Article III(f), following the sections relating to income and principal, clearly indicates the intent of the settlor to provide a spendthrift trust.[1] Furthermore, the language of the instrument need not follow the precise terms of the statute. *Roundtree v. Lane,* 155 F.2d 471 (4th Cir.1946).

For the foregoing reasons, I would reverse the judgment of the district court and grant summary judgment for the appellant.

---

1. Because we resolve the case favorably toward the Leveys, we need not address their further argument that the Trustee is equitably estopped from denying their claim.

1. The language of Article III(f) reads in relevant part "nor shall any principal or income in any manner be subject to or liable *in the hands of the Trustee* for the debts, contracts, obligations, liabilities or engagements of any beneficiary, or be subject to any assignment, or any other voluntary or involuntary alienation or disposition." (Emphasis added). This statement can only be taken to mean that the settlor intended that the income, as well as the principal, should be protected from the beneficiary's creditors.