an issue is thus raised upon a point vital to the legal right sought to be enforced.

The motion for a peremptory writ of mandamus must therefore be denied.

There are before me three motions by the respondent to strike out allegations from the moving papers, on the ground that the matters alleged are irrelevant, or are so set forth as to present the affiants' conclusion of facts, or to relate to facts not within the knowledge of the affiants. The matters sought to be stricken out as irrelevant have to do with the history of the applicant's organization and activities, and bear upon the question of good faith, which is involved in every application for a writ of mandamus. The facts cannot be deemed irrelevant, in view of the long period which has intervened between the applicant's organization and the present motion, with the inference of laches in the absence of any explanation. So far as the form of the averments is called in question, it is to be noted that moving papers for a writ of mandamus are in the nature, not only of a vehicle of proof (Code Civ. Proc. § 2070), but of a pleading containing issuable allegations of ultimate facts (Moses on Mandamus, p. 205). Conclusions of fact and statements not necessarily within the affiant's knowledge may thus be stated as defining an issue tendered. Some further proof may be looked for to support these ultimate statements, if the relator or applicant is to take a writ pro confesso (People ex rel. Bourke v. Grout, 107 App. Div. 228, 229, 94 N. Y. Supp. 1101); but, whether that proof be elsewhere presented or not, the allegations cannot be stricken out.

Examining all the avements to which these motions are directed, I fail to find any substantial ground for holding that the respondent may be prejudiced by their retention as part of the moving papers; and the motions to strike out are therefore denied, with costs.

Motions denied, with costs.

---

BLACK v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Term. November 11, 1910.)

1. EVIDENCE (§ 461*)—LIFE INSURANCE—CONTRACTS—CONSTRUCTION.
     A life policy, providing that insurer, on the death of insured, will pay $10,000 to his wife in equal semiannual installments of $250 each, and will pay her $10,000 six months after the payment of the last semiannual installment, is complete, and clearly discloses the intention of the parties, and is an agreement by the insurer for the absolute payment of the moneys specified; and parol evidence of an intent of insured to prevent the wife, on the policy maturing by the death of insured, from assigning it or of an intent to create a trust, is inadmissible.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. INSURANCE (§ 204*)—LIFE INSURANCE—CONTRACTS—CONSTRUCTION.
     The policy does not create a trust, within Personal Property Law (Consol. Laws, c. 41).§ 15, prohibiting the transfer by assignment or other-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

wise of a beneficiary's right to enforce the performance of a trust to receive the income of personal property.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 472; Dec. Dig. § 204.*]

3. INSURANCE (§ 594*)—CLAIMS ASSIGNABLE.

A life policy, providing that insurer, on the death of insured, will pay $10,000 to his wife in equal semiannual installments, and will pay her $10,000 six months after the payment of the last semiannual installment, creates on the death of insured an absolute debt to the wife, which is assignable by her, as against the objection that an assignment is contrary to public policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458; Dec. Dig. § 594.*]

4. JUDGMENT (§ 161*)—DEFAULT JUDGMENT—RIGHT TO OPEN—ANSWER—SUFFICIENCY.

A default judgment will not be opened, where the answer merely denies the material allegations of the complaint, without giving the court any information of the facts on which the denial rests.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 317, 318; Dec. Dig. § 161.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry M. Black against the New York Life Insurance Company. From an order denying a motion to vacate a default judgment, defendant appeals. Affirmed.

The following is the opinion of Spiegelberg, J., in the trial court:

This is a motion by the defendant to vacate the judgment heretofore rendered and open its default, taken by the plaintiff upon defendant's failure to procure an order directing the issues to be tried as provided in section 1778 of the Code of Civil Procedure. Upon this motion defendant submits a proposed answer different from the one originally filed, and claims that the issue of law therein presented entitles it to the relief demanded.

I fully agree with the learned counsel for the defendant that if a defense, meritorious on the face thereof, is presented, the defendant's motion should be granted. The facts (save by a general denial of all the allegations of the complaint, to which I shall presently refer) are not disputed. The complaint sets out the following agreement, made between the defendant and one Antonia Baumer:

"In accordance with the provisions of policy No. 3,506,877 issued by said company on the life of Anton F. Baumer, of Syracuse, N. Y., which policy has become a claim by the death of said Anton F. Baumer, and is surrendered to said company in exchange for this certificate: Agrees to pay twenty thousand dollars to Antonia Baumer, wife of said Anton F. Baumer, deceased, at the home office of said company in the city of New York, N. Y., as follows: First, ten thousand dollars, in forty equal semiannual installments of $250 each, the first installment to be paid on March 15, 1907, and the subsequent installments on September 15th and March 15th thereafter, in every year, until forty installments have been paid; and second, ten thousand dollars in cash, as a final installment, on March 15, 1927. This certificate shall cease and determine after the payment of the final installment aforesaid, and shall be surrendered to said company."

The complaint further alleges the assignment for value to the plaintiff of said instrument, with all benefits and advantages to be derived therefrom; that said assignment was duly delivered to the defendant; that no objection was ever made to the form or sufficiency of the execution thereof; that on March 15, 1910, there became due an installment of $250; that the defendant refused to pay the sum to the plaintiff, although duly demanded. The de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

fendant does not deny its obligation to pay the said installment to Antonia Baumer, but refuses to pay it to the plaintiff, claiming that the assignment was contrary to the intention of the insured under the policy referred to in the instrument above set forth, contrary to the provisions of section 15 of the personal property law (Consol. Laws, c. 41), and contrary to public policy.

I am of opinion that the contention of the defendant is without any merit. The policy issued to the deceased, Anton Baumer, provided that the defendant, upon the death of the insured, should pay $10,000 to Antonia Baumer, his wife, in equal semiannual installments of $250 each, until 40 semiannual installments shall have been paid, and, further, that said company should pay to said Antonia Baumer the sum of $10,000 six months after the payment of the fortieth semiannual installment as aforesaid. It appears from the instrument which forms the basis of this action that the life insurance policy issued to Anton Baumer became a claim against the company and that the same was surrendered. These references were evidently inserted in the instrument for the purpose of showing a consideration. The instrument itself is free from any conditions, and is an agreement on the part of the defendant for the absolute payment of moneys in the manner therein set forth. Under the well-settled rules of evidence, no testimony dehors the instrument could be introduced to change or vary the effect thereof. It is complete and absolute in every particular, and the intention of the parties can be clearly gathered from the instrument itself. Moreover, the facts alleged by the defendant, assuming that evidence in support thereof can be given, are barren of any proof that the intention of the insured prevented an assignment by Antonia Baumer, or that a trust is created by this instrument, or that the assignment is contrary to public policy. If Anton Baumer had intended the payments to his wife upon his death to be nonassignable, he should and could have provided for it.

The learned counsel for the defendant relies upon section 15 of the personal property law, which reads as follows: "The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of another person, cannot be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property may be transferred." A reading of the instrument in question is sufficient to refute the claim that a trust is thereby created. The payments provided for are not income of personal property. It is in fact an absolute payment of the sum of $20,000 in certain specified amounts and at specified periods. The beneficiary is not in receipt of an income from the fund; but there is to the credit of the beneficiary a certain fund, the principal of which is payable until exhausted. The other contention, that the assignment is against public policy, falls with the elimination of the claim that the instrument establishes a trust in favor of Antonia Baumer.

The argument of the learned counsel for the defendant in support of his contentions is ingenious, but contrary to law. I fail to see how any interpretation can be put upon the plain language of the instrument in question other than that it is an obligation on the part of the defendant to pay to Antonia Baumer certain sums of money at certain periods. It is a debt on the one hand, and a claim on the other. That such a claim is assignable admits of no doubt.

On the argument of this motion, counsel agreed that the only question to be determined was whether the facts presented by the defendant raised a question of law; and the defendant's moving affidavits, as well as the brief submitted by its counsel, frankly admit it. However, the proposed answer, by its general denial, puts in issue all the allegations of the complaint. If any reliance is placed upon this denial by the defendant, which I do not believe, it cannot prevail, as no facts are given controverting the statements of the complaint. Eliminating from the answer the affirmative allegations which have been hereinabove disposed of, there remains nothing but a denial of the material allegations of the complaint, without giving the court any information upon what facts the denial rests. Such a denial, standing alone, is fatal to an application to open a default. Sandowitz v. Duane, 30 Misc. Rep. 630, 62 N. Y. Supp. 744; Dana v. Thaw, 56 Misc. Rep. 612, 107 N. Y. Supp. 870.

Being of the opinion that the defendant cannot succeed upon the issues

raised by the facts stated in the proposed answer and the supporting affidavits, and that the general denial in the answer cannot avail the defendant, the motion to vacate the judgment taken on its default must be denied.

Argued before SEABURY, PAGE, and BIJUR, JJ.

J. H. McIntosh, for appellant.

R. K. Prentice, for respondent.

PER CURIAM. Order affirmed, with costs, upon the opinion of Spiegelberg, J., in the court below.

---

HAUSER v. HERZOG.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. MOTIONS (§ 39*)—REARGUMENT—RECORD.

A motion for reargument of a motion must be based on the original papers.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 48; Dec. Dig. § 39.*]

2. ATTORNEY AND CLIENT (§ 24*)—MOTION FOR REARGUMENT OF MOTION—LIABILITY OF ATTORNEY.

The court, denying a motion for reargument of a motion, should not impose costs personally on the attorney appearing in support of the motion, on the ground of alleged false statements in his affidavit, where he showed that one statement, which was false, was inadvertently made, and had nothing to do with the case, and where the other statement was in fact true.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.*]

Appeal from Special Term, New York County.

Action by Carl Hauser against Soma Herzog. From so much of an order denying a motion for reargument as imposes costs on Walter M. Rosebault, plaintiff's attorney, he appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Walter M. Rosebault, in pro. per.

Isidore Neustaedter (Meyer D. Siegel, of counsel), for respondent.

CLARKE, J. This is an appeal by the attorney for plaintiff from so much of an order denying a motion for a reargument of a motion for the appointment of a receiver as imposes $10 costs to be paid by him personally. The appeal is taken because of the statement of the court in its opinion, which is as follows:

"There are two false statements in the affidavit of plaintiff's attorney, verified August 5th: First, 'that the defendant has not yet appeared in the action by attorney and has not served an answer herein,' whereas the defendant appeared and served his answer on July 13th; and, second, 'the defendant has withheld from the plaintiff the books of account and vouchers, and has refused and still refuses to allow him to inspect or examine the same.' In accordance with an order granted by Mr. Justice Geigerich on July 21st, plaintiff had an examination and inspection of the books of account and vouchers at the office of the defendant's attorney on parts of two days. The