JOHN FRANCIS MCLAUGHLIN, an infant, by his next friend, KATHLEEN M. MCLAUGHLIN, complainant-respondent,

*v.*

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a corporation, defendant-appellant.

[Submitted October term, 1932.   Decided January 31st, 1933.]

*Messrs. Collins & Corbin* (*Mr. Edward A. Markley,* of counsel), for the defendant-appellant.

*Mr. Andrew J. Whinery* (*Mr. Joseph G. Lyons,* of counsel), for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery.

The facts in the case are that The Equitable Life Assurance Society of the United States, the defendant below, issued a policy of insurance on the life of John J. McLaughlin, the father of John Francis McLaughlin, the infant complainant. The contract of insurance provided that in case the insured should die as a result of an accident the insurance company would pay $2,000. The assured's death was caused by an accident. The policy had attached to it and as part thereof an agreement therein called the "educational fund agreement" for the benefit of the son, John F. McLaughlin, the infant, provided the said John F. McLaughlin was living at the time the policy became a claim. This agreement provided that the proceeds of the policy at the death of the insured should not be paid in a single sum but should be held by the society and paid in accordance with the following table of installments over a period of four years in equal annual payments; and in the event of the death of the insured prior to the beneficiary attaining the age of eighteen years, the proceeds of the policy should be held by the society until the beneficiary reached said age and should then be payable in installments as aforesaid. It further provided that the society would pay interest annually on the amount so held at the rate of three per centum per annum and that any payments due under the contract after the death of the insured during the minority of the beneficiary were to be payable to Kathleen McLaughlin, the wife of the insured, as trustee or her successor, in trust for the beneficiary.

John J. McLaughlin died leaving him surviving his wife, Kathleen McLaughlin, and two children, the infant complainant, who was then ten years of age, and a daughter, Sally Ann, who was then two years of age. The bill of complaint in the court below was filed asking permission to use so much of the *corpus* of the proceeds of the insurance policy, which was $2,000, as the court might determine necessary for

the support, maintenance and education of the infant complainant. After the hearing the court directed the defendant to pay to the guardian of the infant, when appointed and qualified, the sum of $25 per week from the sum of $2,000 held by the insurance company until further order of the court. The vice-chancellor seemed to base his conclusions on the supposition that the fund was a trust and on what the father would have done under the circumstances if he were alive and that because the contract of insurance was made before the birth of the infant, Sally Ann, assumed that the father, if he were living to-day, would want his wife and both his children supported from this fund because it appeared from the evidence he left no other property with which they could be supported. The defendant below appeals to this court on the ground that the policy of insurance and the claim which resulted thereunder by reason of the death of the insured did not create a trust and that the relation of the parties to the suit was not that of trustee and *cestui que trust* and also for the reason that there was no evidence before the vice-chancellor which justified him in decreeing that the defendant should pay the guardian of the infant $25 a week. We are of the opinion that the court below erred in respect to the contruction which it placed upon the contract of insurance. The policy of insurance was a contract and under its terms the insurance company was bound to carry out its provisions. The intention of the insured was to provide a fund for the education, support and maintenance of his son, John F. McLaughlin, in the event that the insured died before his son attained the age of eighteen years and that he should not have access to such fund except as provided in the contract of insurance until he attained the designated age. This fund, therefore, did not become a trust fund until it was paid over by the insurance company under the term of the contract of insurance to the trustee and this was not to take place until the beneficiary arrived at the age of eighteen years when it should be paid in installments covering a period of four years.

We are of the opinion that the court could not change the terms of this contract and that the insurance company cannot

be compelled to agree to any other terms than the terms set forth therein. It is, therefore, not necessary to consider the other point raised by the appellant.

The decree below is therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.