PIEROWICH *v.* METROPOLITAN LIFE INSURANCE CO.

1. TRUSTS—CREATION OF TRUST.

To create trust, there must be assignment of designated property to trustee with intention of passing title thereto, to hold for benefit of others; there must be separation of legal estate from beneficial enjoyments.

2. SAME—CREATION—EVIDENCE OF INTENT.

Fact that insured, in designating his minor sons as beneficiaries, directed that in the event they survived him but were not 21 years of age the amounts payable to respective sons should be retained by insurer, interest compounded annually thereon and principal and interest paid to sons when they became 21, provision for payment of interest without designation or segregation of any particular fund from which payment was to be made *held*, not indicative, although not decisive, of intention to create trust relationship.

3. INSURANCE—DEBTOR AND CREDITOR—TRUSTS.
   Insurer who merely changed its agreement to pay amount of
   principal sum in accordance with contingencies as set forth by
   directions of insured *held,* to maintain relationship of debtor
   and creditor rather than that of trustee and *cestui que trust.*

4. SAME—CHANGED CONDITIONS—ALTERATION OF CONTRACT—TRUSTS.
   Fact that divorced wife was without necessary funds to provide
   properly for support and education of two minor sons who
   were beneficiaries of deceased insured *held,* to afford no basis
   for requiring payment of proceeds of life insurance policy
   otherwise than in accordance with terms of contract requiring
   retention of amounts payable and compounding of interest
   thereon until beneficiaries became 21 years of age and pro-
   hibiting advancements, no trust relation being established.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted October 8, 1937.  (Docket No. 82, Calen-
dar No. 39,660.)  Decided November 10, 1937.

Bill by James Pierowich and Alex Pierowich,
minors, by Josephine Pierowich, their guardian,
against Metropolitan Life Insurance Company, a
New York corporation, to procure the proceeds of a
life insurance policy.  Bill dismissed.  Plaintiffs ap-
peal.  Affirmed.

*Samuel H. Rubin* (*Melba Rubin,* of counsel), for
plaintiffs.

*Bulkley, Ledyard, Dickinson & Wright* (*Max L.
Veech,* of counsel), for defendant.

CHANDLER, J.  The appellee, on September 15,
1931, issued a policy of life insurance on the life of
Dan Pierowich in which his wife was named bene-
ficiary.  Subsequently the parties were divorced and
during the pendency of the proceedings the insured
changed the policy and named his two minor sons,
Alex and James, age 10 and 8 respectively, as the

beneficiaries. On November 23, 1934, the insured executed and delivered to appellee the following:

"Policy No. 7288571-A

Amount of Insurance $2,000.

"To the Metropolitan Life Insurance Company, New York, New York.

"I hereby direct that in the event either of my sons, Alex Pierowich, born 5/9/1924, and James Pierowich, born 2/1926, the beneficiaries of record, shall survive me but shall not have attained the age of 21 years at the time of my death, the amount payable under the said policy upon my death, to such son, shall be retained by the company and interest thereon at the rate which the company may each year declare on such funds (but at no less rate than three and one-half per centum per annum) shall be compounded annually at the end of each year until such child shall have attained the age of 21 years when his share, together with the interest then accumulated thereon, shall be paid at once in one sum to him.

"Provided, however, in the event that either of my said sons shall survive me but shall die before attaining the age of 21 years, his share, together with the interest then accumulated thereon, shall be paid at once in one sum to the executors or administrators of such deceased son.

"And I hereby further direct that neither of my said sons shall have the right to withdraw any of the amount retained by the company, except as hereinbefore provided, nor the right to assign or incumber any payment hereunder.

"Provided, however, that the foregoing directions shall not apply to the share of either of my said sons who shall predecease me or who shall not be a beneficiary of record at the time of my death or who shall have attained the age of 21 years at the time of my death.

"The right to cancel the foregoing directions by written notice to the home office of the Metropolitan Life Insurance Company of New York, New York, is reserved.

"Dated at Hamtramck, Mich.       Nov. 23, 1934

"Witness

"L. M. LOCIANOURES    Insured DAN PIEROWICH."

Dan Pierowich died on June 18, 1935, and thereafter appellee upon surrender of the policy delivered to each of the beneficiaries a supplemental contract providing for payment of the proceeds of the policy in exact accordance with the directions given by the insured in his lifetime and set forth above.

The mother of Alex and James filed her bill in equity as guardian of said minors alleging that she is without sufficient funds with which to maintain and educate the children properly and prayed for a decree ordering appellee to pay her for this purpose such sums from the proceeds of the policy as the court found necessary. The trial court dismissed the bill.

Whether or not a trust was created must depend upon the intention of the insured in providing for the disposition of the proceeds of the policy in the manner which he instructed and whether the necessary requisites to the creation of a trust were observed. In *Equitable Trust Co.* v. *Milton Realty Co.,* 261 Mich. 571, we held that,

"To create a trust, there must be an assignment of designated property to a trustee with the intention of passing title thereto, to hold for the benefit of others. There must be a separation of the legal estate from the beneficial enjoyments."

We are unable to find from an examination of the evidence the essential element of intent to create

a trust. Although not decisive, the provision for the payment of interest on the fund held by appellee together with the fact that there was no designation or segregation of any particular fund from which payment was to be made, are of interest in determining the intent, and are not indicative of the trust relationship. The supplemental agreements executed by appellee which in terms specifically incorporate the insured's directions appear to be no more than contracts containing a promise to pay the proceeds of the policy in such a manner as the contingencies therein expressed shall command. We fail to find that the fund was assigned from the appellee as debtor to the appellee as trustee as is contended by appellants. The relationship existing is that of debtor and creditor rather than that of trustee and *cestui que trust.*

The case is not unlike that of *McLaughlin* v. *Equitable Life Assurance Society of the U. S.,* 112 N. J. Eq. 344 (164 Atl. 579), where the policy contained an agreement that in the event of the death of the insured prior to the beneficiary attaining the age of 18 years the proceeds thereof should be held by the insurer and be paid in instalments upon the beneficiary reaching the mentioned age. It further provided for the payment of interest and that any payments due during the minority of the beneficiary should be paid to the insured's wife as trustee. A bill was filed to reach a portion of the fund in question for the support, education and maintenance of the beneficiary. In denying relief, the court said:

"The defendant below appeals to this court on the ground that the policy of insurance and the claim which resulted thereunder by reason of the death of the insured did not create a trust and that the relation of the parties to the suit was not that of trustee

and *cestui que trust* and also for the reason that there was no evidence before the vice-chancellor which justified him in decreeing that the defendant should pay the guardian of the infant $25 a week. We are of the opinion that the court below erred in respect to the construction which it placed upon the contract of insurance. The policy of insurance was a contract, and under its terms the insurance company was bound to carry out its provisions. The intention of the insured was to provide a fund for the education, support, and maintenance of his son, John F. McLaughlin, in the event that the insured died before his son attained the age of 18 years and that he should not have access to such fund except as provided in the contract of insurance until he attained the designated age. This fund, therefore, did not become a trust fund until it was paid over by the insurance company under the terms of the contract of insurance to the trustee, and this was not to take place until the beneficiary arrived at the age of 18 years, when it should be paid in instalments covering a period of four years.

"We are of the opinion that the court could not change the terms of this contract and that the insurance company cannot be compelled to agree to any other terms than the terms set forth therein. It is, therefore, not necessary to consider the other point raised by the appellant.

"The decree below is, therefore, reversed."

Appellant further contends that even though no trust relationship appears, the facts are such as to warrant the interference of a court of equity to grant the desired relief. In support of this position, testimony was introduced establishing the indigent circumstances of the family and the lack of funds claimed necessary to provide properly for the support and education of the beneficiaries. Although in certain circumstances

an advancement will be allowed from a trust fund for such purposes as are relied upon in the instant case, *Post* v. *Grand Rapids Trust Co.,* 255 Mich. 436, we do not find this rule to be applicable here. The disposition of the property has been fixed by contract and this court cannot alter the terms thereof even in view of the changed, now-existing conditions.

The decree is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.