**In re Gregory P. RILEY and Sandra L. Riley, Debtors.**

**Bankruptcy No. 87–00152–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 14, 1988.

John N. Clifford, Richmond, Va., for debtors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on an objection by Keith L. Phillips, Trustee, ("Trustee") to the alleged exemption of a spendthrift trust claimed by the debtor in income derived from a certain annuity policy ("annuity" or the "agreement") in which one of the debtors, Gregory P. Riley ("Mr. Riley") was named beneficiary. After a hearing on this objection and after consideration of briefs filed by counsel and oral arguments on the issues, this Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On or about January 27, 1987, Gregory P. Riley and Sandra L. Riley filed for relief pursuant to Chapter 7 of the Bankruptcy Code in this Court. In Schedule B–4 of the debtors' schedule of assets & liabilities, the debtors claimed Mr. Riley's interest in the annuity exempt pursuant to Va. Code § 55–19. On or about April 3, 1987, the Trustee filed an objection to an exemption claimed by the debtors and on May 26, 1988 an oral argument was held before this Court on this matter. The following facts have been stipulated by the Trustee and the debtors in lieu of an evidentiary hearing:

1) the annuity is owned by Medical Mutual Liability Insurance Society of Maryland of whom Gregory Riley is a beneficiary under the annuity and receives $541.53 per month for thirty-one (31) years;

2) the annuity itself was set up as settlement for medical malpractice by a doctor and a hospital in Maryland resulting in the loss of one of Mr. Riley's legs;

3) Mr. Riley cannot cash in the annuity and he would testify that it is used by him for his support and maintenance.

Furthermore, it appears to this Court from the exhibits that the single premium retirement annuity was written by The Manufacturers Life Insurance Company and that Medical Mutual Liability Insurance Society of Maryland ("Medical Mutual") can change the beneficiary of the annuity and can cause someone else to receive payments.

## CONCLUSIONS OF LAW

■ Virginia law allows for a spendthrift trust under § 55–19 of the Virginia Code subject to several limitations. The Code reads as follows:

> Estates in trust subject to debts of beneficiaries; exception for spendthrift trust. Estates of every kind holden or possessed in trust shall be subject to the debts and charges of the persons to whose use or to whose benefit they are holden or possessed, as they would be if those persons owned the like interest in the things holden or possessed as in the uses of trusts thereof; but any such estate, not exceeding $500,000.00 in actual value may be holden or possessed in trust upon condition that the corpus thereof and income therefrom, or either of them, shall be applied by the trustee to the support and maintenance of the beneficiaries without being subject to their liabilities or the alienation by them, but no such trust shall operate to the prejudice of any existing creditor of the creator of such trust.

In determining whether a spendthrift trust exists three specific elements must be examined: 1) does the trust agreement provide for the support and maintenance of its beneficiary; 2) did the settlor intend, whether evidenced by express provision or implied from the four corners of the agreement, to protect the trust from the beneficiary's creditors; and 3) did the settlor intend to prevent the beneficiary from voluntary or involuntary alienation? *In re Herach,* 57 B.R. 667, 668–89 (Bankr.E.D. Va.1986).

In spite of the fact that the debtor used the funds for his support and maintenance, the annuity does not state that the income may only be used for the beneficiary's support and maintenance. Nowhere is the annuity company granted any discretion in determining the amount or frequency of payments to Mr. Riley. In the absence of such language, either expressly or implicitly stated, this Court cannot find that the annuity constitutes a spendthrift trust. *Levy v. First Virginia Bank, et al.,* 845 F.2d 80 (4th Cir., 1988). Accordingly, although it appears that the language of the annuity may fulfill the second and third elements discussed above, this Court cannot find a valid spendthrift trust.

The lack of language limiting annuity payments to Mr. Riley's support and maintenance, however, might not, by itself, preclude the existence of a spendthrift trust. The Virginia statute is remedial in character and is to be liberally construed. *In re Wilson,* 3 B.R. 439, 442 (Bankr.W.D.Va. 1980); *Sheridan v. Krause,* 161 Va. 873, 172 S.E. 508 (1934). Nevertheless, at a minimum the intention to create a trust with the applicable spendthrift provisions must be manifest. *In re Wilson, supra* at 445.

In this case, Mr. Riley fails to show the existence of the necessary intent to create a trust. *In re Wilson, supra* at 442. The intent to create a trust may manifest itself by either the explicit language in the annuity or by circumstances which show with reasonable certainty that a trust was intended to be created. *Woods v. Stull, et al.,* 182 Va. 888, 30 S.E.2d 675 (1944). A review of the annuity indicates that it was not the intent of the parties to create a trust. Nowhere is the word trust used, and no one is given duties or powers com-

mon to trustees. The instrument itself is consistently referred to as a single premium retirement annuity, the beneficiary is regarded as the annuitant, and the periodic payments made by the instrument herein more closely resemble those made under a contract. *Hughes v. Sun Life Assurance Co.*, 159 F.2d 110, 113 (7th Cir.1946). "Under an annuity contract, the [beneficiary] doesn't have a claim to any principal in trust in the normal sense but only a right to receive payments due under the contract." *In re Elsea*, 47 B.R. 142, 149 (Bankr.E.D.Tenn.1985). Absent the requisite showing of intent, this Court cannot find that the annuity agreement constituted a trust.

A line of cases exists in which courts have disallowed claimed exemptions of annuity contracts created to pay winners of state lotteries. *In Matter of Brown*, 86 B.R. 944 (N.D.Ind.1988); *In re Miller*, 16 B.R. 790 (Bankr.D.Md.1982); *In re Koonce*, 54 B.R. 643 (Bankr.D.S.C.1985) (Chapter 13 case). In each of these cases the respective state lottery commission purchased annuities under which periodic payments were paid to the winners. All these annuities contained restrictions against alienation by the beneficiaries. The debtor-beneficiaries had no rights to receive funds other than the periodic annuity payouts. These annuities were found to create contractual interests in the debtors and not spendthrift trusts. *See Brown, supra* at 948.[1]

 Finally, no trust can be found because no identifiable res exists. *Pierowich*

*v. Metropolitan Life Ins. Co.*, 282 Mich. 118, 275 N.W. 789 (1937); *Marble v. Marble*, 304 Ill. 229, 136 N.E. 589 (1922). Annuity agreements create only the relationship of debtor and creditor, not a trust. *Chatham County Hospital Authority v. John Hancock Mutual Life Ins. Co.*, 325 F.Supp. 614, 619 (S.D.Ga.1971).[2] Annuitants, like Mr. Riley, have a contract claim to periodic payments, but have no rights in the principal paid by the annuity purchaser. It is hornbook law that no trust can be created without a res. Restatement (Second) Trusts § 74; Bogert, Trusts and Trustees § 111 (1984). Mr. Riley has no equitable ownership of the funds used by Medical Mutual to buy the annuity; Manufacturers Life Insurance Company owns that property absolutely and Mr. Riley's interest is a chose in action. *Ball v. Ball*, 136 W.Va. 852, 69 S.E.2d 55 (1952); *Chase National Bank of New York v. Sayles*, 11 F.2d 948 (C.C.A.1882); *In re Herrick's Estate*, 340 Ill.App. 548, 92 N.E.2d 332 (1950). The annuity in question is not an "estate ... holden or possessed in trust" and thus cannot come within the protection of Virginia's spendthrift trust provision. Va.Code Ann. § 55–19.[3]

As a result, and for the reasons stated above, this Court must find for the trustee in this matter and hold that a spendthrift trust does not exist.

An appropriate Order will issue.

1. None of the debtors in these lottery cases had a choice in deciding how to receive their winnings. An annuity contract with fixed provisions was the only option available. In the present case, however, in negotiating the settlement of his medical malpractice claim, Mr. Riley agreed to a single premium retirement annuity. Although it is not necessary to reach the issue in this case, Mr. Riley's discretion in choosing this settlement method suggests that he could be viewed as the settlor of any purported trust. Of course, a valid spendthrift trust cannot be created in favor of the settlor. *In re O'Brien*, 50 B.R. 67 (Bankr.E.D.Va.1985).

2. *See also Hughes v. Sun Life Assur. Co.*, 159 F.2d 110, 113 (7th Cir.1946); *John Hancock Mutual Life Ins. Co. v. Helvering*, 128 F.2d 745, 751 (U.S.App.D.C.1942); *Black v. New York Life Ins.*

Co., 126 N.Y.S. 334 (Sup.Ct.1910); *Cantor v. Suderov*, N.Y.L.J., March 30, 1937, p. 1558, Col. 6 (N.Y.Sup.Ct.); *Crossman v. Rauch*, 263 N.Y. 264, 188 N.E. 748, 751 (1934); Restatement (Second) Trusts § 12 (life insurance company does not become trustee unless it is under duty to segregate and hold and administer as a separate fund the proceeds of the policy); Land, Life Insurance Option Settlements: Trusts or Debts? 42 Col.L.Rev. 32 (1942).

3. The Court today expresses no opinion on the issues of whether it is possible to fund a valid spendthrift trust by means of an annuity or to create a valid spendthrift trust under which the trustee is directed to purchase an annuity. *See generally*, Moore, The Use of Annuities in the Settlement of Personal Injury Cases, 49 Ins. Counsel J. 50 (1982).