**In re Alice Clevenger COOPER, Debtor.**

**Douglas R. JOHNSON,**
**Trustee, Plaintiff,**

v.

**Alice Clevenger COOPER and United States Fire Insurance Company, Defendants.**

**Bankruptcy No. 90–14759.**
**Adv. No. 91–1668.**

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 3, 1992.

Douglas R. Johnson, trustee, Weigel & Johnson, Chattanooga, Tenn., for plaintiff.

Harry K. Hays, Chattanooga, Tenn., for U.S. Fire Ins.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This adversary proceeding is before the court upon cross motions for summary judgment filed by the plaintiff and the debtor-defendant ("Cooper"). The principal issue to be decided is whether the debtor's contractual right to receive periodic payments pursuant to a prepetition settlement agreement between Cooper and the defendant, United States Fire Insurance Company ("U.S. Fire"), is excluded from the debtor's bankruptcy estate under the provisions of § 541(c)(2) of the Code. The facts are not in dispute and are set forth below.

### I.

On or around March 27, 1985, Cooper sustained personal injuries as a result of an automobile accident. Litigation ensued and ultimately Cooper and other members of her family who were plaintiffs in the state action entered into a settlement agreement with U.S. Fire on or about October 30, 1986. Under the terms of the settlement agreement as it relates to Cooper, she received a lump-sum payment and is to receive periodic payments for the duration of her life beginning October 16, 1996. All sums paid or to be paid to Cooper were characterized by the settlement agreement as damages on account of personal injuries or sickness arising from the accident. The settlement agreement provides that if an annuity contract is purchased to fund the periodic payments, the contract would be owned exclusively by U.S. Fire and that Cooper would have no right to obtain the present value of the payments or to control the investment of, or accelerate, defer, increase or decrease the amount of any payment required to be made. Further, the settlement agreement provides that the periodic payments to be received by Cooper are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance by Cooper. In return for the settlement agreement, Cooper released U.S. Fire from all liability and claims arising from the automobile accident.

The settlement agreement was not recorded or registered in any state or local filing office. It was, however, filed in the state court case file together with all the other pleadings and court documents relating to the automobile accident litigation.

### II.

The debtor's contractual right to receive periodic payments under the settlement agreement falls within the definition of property of the estate contained in § 541(a)(1) of the Bankruptcy Code. That section provides that a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1979). The scope of § 541(a)(1) is broad and encompasses "all kinds of property," including tangible or intangible property and causes of action. S.Rep. No. 989, 95th Cong., 2d Sess. 82–83, H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), *reprinted* in 1978 U.S.Code Cong. & Admin.News, 5787, 5868, 6323; *United States v. Whiting Pools*, 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983); *In re Leck*, 113 B.R. 500, 501 (Bankr.W.D.Wis.1990). Moreover, the Bankruptcy Code includes within the debtor's estate "an interest of the debtor in property ... notwithstanding any provision ... (A) that restricts or conditions [a] transfer of such interest by the debtor[.]" 11 U.S.C.A. § 541(c)(1)(A) (West 1979 & Supp.1991).

Although the debtor's right to receive periodic payments under the settlement agreement clearly falls within the broad language of § 541(a)(1), the debtor argues such contractual right to receive payments

should be excluded from the bankruptcy estate under § 541(c)(2) of the Code which generally provides for the exclusion of certain spendthrift trusts from property of the estate. Specifically, § 541(c)(2) reads as follows:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C.A. § 541(c)(2) (West 1979 & Supp. 1991).

The phrase "applicable nonbankruptcy law" in § 541(c)(2) has been interpreted as including all nonbankruptcy laws and not just state spendthrift trust provisions. *Forbes v. Lucas (In re Lucas)*, 924 F.2d 597 (6th Cir.1991). To this end, Cooper first argues the settlement agreement qualifies as a trust under § 401(a) of the Internal Revenue Code, 26 U.S.C.A. § 401(a) (West 1988 & Supp.1991), and that as a qualifying trust under federal law, the trust has the requisite anti-alienation clause that takes the settlement agreement out of the debtor's bankruptcy estate. The plaintiff counters by arguing the settlement agreement does not qualify as a trust under the language of § 401(a) and thus is not enforceable under "applicable nonbankruptcy law" as required by § 541(c)(2).

In order for a trust to qualify under § 401(a), it must meet the requirements set forth in that section. *See* 26 CFR § 1.401–0 (1990); see *also Trebotich v. Commissioner*, 492 F.2d 1018, 1022 n. 4 (9th Cir. 1974). Section 401(a) reads in part:

**Requirements for qualification.**—A trust created or organized in the United States and forming [a] part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section....

26 U.S.C.A. § 401(a) (West 1988 & Supp. 1991).

This section has been interpreted as excluding plans that include nonemployees. *Professional & Executive Leasing v. Commissioner*, 862 F.2d 751 (9th Cir.1988).

Notwithstanding the clear language of § 401(a), Cooper argues her right to receive periodic payments under the settlement agreement is similar to an employee's right to receive payments under an employee annuity plan that qualifies under § 401(a) and thus the settlement agreement should be treated as a § 401(a) trust. In support of her argument, Cooper relies upon *In re Leamon*, 121 B.R. 974 (Bankr.E.D.Tenn. 1990).

In *Leamon*, the court had before it an employee annuity plan established by the Tennessee Valley Authority Retirement System for the employees of the Tennessee Valley Authority. *Leamon* is easily distinguished from the present case in that the plan in *Leamon* was a plan established by an employer for the benefit of the employer's employees and the parties stipulated the plan qualified under § 401(a). *Id.* at 975 & n. 5. Because the settlement agreement here is not an employer-established employee benefit plan, it cannot be a qualifying trust under § 401(a).

Cooper next asserts the settlement agreement qualifies as a spendthrift trust under Tennessee law and therefore falls within the § 541(c)(2) exception. The Tennessee statute pertaining to spendthrift trusts which was in effect at the time the settlement agreement was executed read as follows:

**Grounds for discovery and subjection.**—

(a) The creditor whose execution has been returned unsatisfied, in whole or in part, may file a bill in the chancery court against the defendant in the execution, and any other person or corporation, to compel the discovery of any property, including stocks, choses in action or money due to such defendant, or held in trust for him, except when the trust has been created by, or the property so held has proceeded from some person other than the defendant himself, and the trust is declared by will duly recorded or deed duly registered.

Tennessee Code Annotated § 26–4–101(a) (1980) (amended in 1988 & 1989).

As can be seen, a valid spendthrift trust under the previous version of Tennessee Code Annotated § 26–4–101(a) had to satisfy three requirements: (1) the property so held must have proceeded from another person; (2) the property must have been held in trust for the debtor, not by the debtor; and (3) the trust must have been declared by a will duly recorded or deed duly registered. *Baskin v. Commerce Union Bank*, 715 S.W.2d 350, 352 (Tenn.Ct. App.1986). In the current version of the statute, these same requirements are present except that the trust may now be declared by instruments other than a will or deed. *See* Tennessee Code Annotated § 26–4–101(a) (1980 & Supp.1991).

Obviously, the alleged spendthrift trust in this case was not declared by will or deed. It therefore immediately falls outside the parameters of the former statute. Even if, however, the declaration by will or deed requirement, which was deleted from the later version of the statute, were not applicable, the alleged spendthrift trust fails to satisfy the other requirements of the statute.

The requirement that the property forming the res of the trust come from a person other than the debtor satisfies in part the justification for allowing spendthrift trusts to be placed beyond the reach of the debtor's creditors. When the trust property is donated by someone other than the debtor, the spendthrift trust restriction on the rights of the debtor's creditors does not deprive them of any property they might otherwise have been able to reach. *In re Elsea*, 47 B.R. 142, 148 (Bankr.E.D.Tenn. 1985); *J.S. Menken Co. v. Brinkley*, 94 Tenn. 721, 31 S.W. 92 (1895); *State ex rel. v. Nashville Trust Co.*, 28 Tenn.App. 388, 190 S.W.2d 785 (Ct.App.1944). This would not be true, however, if the trust is established with the debtor's property. In such a case, the debtor would be considered the settlor of the trust and the trust would not qualify as a true spendthrift trust under state law.

There is no doubt that had the debtor not settled her state lawsuit before filing her bankruptcy case, the trustee would have been entitled to assume the debtor's cause of action for the benefit of the bankruptcy estate; likewise, there is no doubt that had the debtor settled her state lawsuit entirely for a lump-sum cash payment, the trustee would have been entitled to those funds over and above any personal property exemption claimed by the debtor. What has happened in this case is that the debtor has exchanged her prepetition cause of action for a contractual right to receive periodic payments in the future. The fact the debtor has exchanged one form of property owned by her prepetition, namely her state cause of action, for another form of property, namely a contractual right to receive periodic payments in the future, should not entitle the debtor to deprive her creditors of this property.

In effect, the property at issue in this case, the contractual right to receive future payments, was not donated by another, but was compensation for the release of the debtor's cause of action. When a debtor merely exchanges one form of property for another which thereafter becomes the res of a trust, the debtor is considered to be the settlor of the trust. Hence, the trust in this case, if in fact a trust was created, is not a valid spendthrift trust cognizable under Tennessee law.

A similar conclusion was recently announced in *Walro v. Striegel (In re Striegel)*, 131 B.R. 697 (S.D.Ind.1991), a case whose facts closely resemble the facts in the present case. In *Walro*, the debtor entered into a prepetition settlement agreement that settled the debtor's cause of action for injuries sustained as a result of a gunshot wound to the debtor's head. Under the settlement agreement, the debtor received a lump-sum cash payment plus the right to receive periodic payments in the future to be funded by an annuity policy. The debtor had no rights in the annuity policy and the periodic payments were not subject to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance by the debtor. After the debtor filed bankruptcy, the debtor argued the settlement agreement was excepted from property of the estate pursuant to the provisions of § 541(c)(2). The court found the

settlement agreement was not a spendthrift trust under Indiana law because, among other reasons, the trust failed to meet the requirement that it not be self-settled. In this regard, the court stated as follows:

The requirement that a trust not be self-settled (i.e., that the debtor-beneficiary not be a settlor of the purported trust) provides yet another reason for finding that the periodic payments should not be excluded from the bankruptcy estate. This Court finds itself in agreement with the *Riley* Court's conclusion that a debtor's discretion in choosing to receive payments through an annuity as a means of settling a lawsuit "suggests that [the debtor] could be viewed as the settlor of any purported trust." *In re Riley,* 91 B.R. [389] at 391, n. 1 [Bankr.E.D.Va.1988]. Logic dictates that the debtor-beneficiary in the present case must be viewed as a settlor of the purported trust. Thus, the present annuity, like the annuity which was at issue in *Brown v. Boyn,* 86 B.R. [944] at 946 [N.D.Ind.1988], does not constitute a spendthrift trust under Indiana law. The periodic payments are therefor not excludable from the bankruptcy estate. This Court agrees with the conclusion of the Fourth Circuit Court of Appeals in *Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir.1984), that a debtor's claims for injuries to the person, whether unliquidated or settled, are the property of the bankruptcy estate.

*Id.* at 701 (footnote omitted).

Another reason the settlement agreement in *Walro* did not qualify as a spendthrift trust was because there was no evidence the parties to the settlement agreement had the specific intent to create a trust. The court noted, for instance, that no one was given the duties or powers of a trustee. The court also noted a distinction between a traditional trust and an annuity in that periodic payments pursuant to an annuity more closely resemble those made under a contract. *Id.* at 701; *see also In re Riley,* 91 B.R. 389, 391 (Bankr.E.D.Va. 1988) (stating that "[a]nnuity agreements

create only the relationship of debtor and creditor, not a trust").

Similarly, in the instant case, the settlement agreement does not provide for a trustee nor does it make specific reference to the creation of any trust. Rather, the right to future payments under the settlement agreement or under any annuity purchased pursuant to the settlement agreement is more accurately characterized as a contract right which would not be excludable from the debtor's estate under the provisions of § 541(c)(2).

Finally, even if the settlement agreement met all of the other requirements necessary to establish a spendthrift trust under Tennessee law, it fails to meet the statutory requirement that it be duly recorded or duly registered. The requirement of recording or registering the trust instrument was designed to give the public, specifically Cooper's creditors, notice of the "nature and extent of the [debtor's] estate." *Jourolmon v. Massengill,* 86 Tenn. 81, 109, 5 S.W. 719 (1887).

The debtor argues that because the settlement agreement was filed in the state court case file, the notice requirements of the statute have been met. This argument is without merit. The presence of a settlement agreement in an individual state court case file is not sufficient notice to creditors. If such were the case, a creditor would have to go to numerous courts in the state to search the court files to locate any documents limiting the creditor's right to recover property of the debtor, a task no one could be expected to perform. *See White v. O'Bryan,* 148 Tenn. 18, 251 S.W. 785 (1922) (noting that an unregistered court decree does not provide sufficient notice to creditors of spendthrift trusts); *cf. In re Elsea,* 47 B.R. 142, 149 (Bankr.E.D.Tenn. 1985) (stating that the federal statutes providing for ERISA plans satisfy the notice requirements of the spendthrift trust statute).

Because the settlement agreement in this case is not excluded from property of the estate under the provisions of § 541(c)(2),

the plaintiff is entitled to summary judgment. An appropriate order will enter.