In re Jeffrey Charles MYERS, Linda Kae Myers, Debtors.

Bankruptcy No. 96–60150.

United States Bankruptcy Court, N.D. Ohio.

May 28, 1996.

Michael V. Demczyk, McNamara & Freeman, Uniontown, OH, for debtors.

Toby L. Rosen, Chapter 13 Trustee, Canton, OH.

MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Before the court is the confirmation of the Chapter 13 plan of the debtors, Jeffrey Charles Myers (Jeffrey Myers) and Linda Kae Myers (collectively, Debtors). Toby L. Rosen, the Chapter 13 trustee (Trustee), filed an objection to confirmation, the court conducted a confirmation hearing, and following the submission by the Trustee of a list of authorities, took the matter under advisement.

## I.

### FACTS

On June 16, 1986, Jeffrey Myers, then a minor, was injured in an automobile accident. His mother, Betty Jane Myers, asserted a claim on his behalf under the uninsured motorists provision of her automobile insurance policy with Grange Mutual Casualty Company (Grange). On December 10, 1986, Betty Jane Myers and Grange entered into a settlement agreement (Settlement Agreement) under which Grange agreed to make an immediate $20,000.00 payment to Betty Jane Myers and deferred payments over a period of 35 years to Jeffrey Myers. In return, Betty Jane Myers and Jeffrey Myers released any and all claims against Grange relating to the June 16, 1986 accident.

The settlement agreement in relevant part provides:

This Settlement Agreement is entered into among Betty Jane Myers; M. Gary Rosenblythe, Attorney at Law, and Grange Mutual Casualty Company, its successors and assigns, (hereinafter collectively referred to as "the parties"). "Claimant" shall collectively mean Betty Jane Myers, Jeffrey Charles Myers, their respective heirs, executors, administrators, personal representatives, successors and assigns.

.    .    .    .    .

### IV. *PAYMENTS TO CLAIMANT*

.    .    .    .    .

B. *Periodic Payments.* Grange Mutual Casualty Company hereby agrees to make the following deferred lump sum payments to Jeffrey Charles Myers:

| Amount of Payment | Date of Payment |
|---|---|
| $ 5,000.00 | 11–15–1990 |
| $ 10,000.00 | 11–15–1994 |
| $ 10,000.00 | 11–15–1999 |
| $ 15,000.00 | 11–15–2004 |
| $ 20,000.00 | 11–15–2009 |
| $ 25,000.00 | 11–15–2014 |
| $ 50,000.00 | 11–15–2019 |
| $100,000.00 | 11–15–2024 |

If Jeffrey Charles Myers dies before receiving all eight (8) of the above payments, the remainder of said payments will be made as due to Jonathan Charles Howard (son) and Betty J. Myers (mother) DIVIDED EQUALLY, upon proof of death being furnished to Grange Mutual Casualty Company or its assignee.

.    .    .    .    .

### V. FINANCING OF PERIODIC PAYMENT OBLIGATION

.    .    .    .    .

C. *Status of Claimant.* Claimant shall, at all times, remain a general creditor of [Grange] ... and shall have no rights in the Annuity Contract nor in any other assets of [Grange].... [Grange] ... shall not be required to set aside sufficient assets or secure its obligation to Claimant in any manner whatsoever. Claimant acknowledges that Claimant has no right to receive the present value of the payments due Claimant pursuant to Paragraph IV.B, or to control the investment of, or accelerate, defer, increase or decrease the amount of any payment required to be made to Claimant. Claimant shall only be entitled to receive the payments specified in Paragraph IV.B above, as they are due.

.    .    .    .    .

### VI. *NONASSIGNMENT BY CLAIMANT*

The periodic payments to be received by Claimant pursuant to Paragraph IV.B are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance by Claimant.

.    .    .    .    .

### XIII. *CONTROLLING LAW*

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio.

. . . .

To fund its obligation under the terms of the Settlement Agreement and consistent with those terms, Grange purchased an annuity contract from the First Colony Life Insurance Company. Grange is the sole owner of the annuity contract, and Jeffrey Myers has no ownership rights in it.

On January 23, 1996, the Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code. Their accompanying plan proposed to pay unsecured creditors 25 per cent of their claims on a pro rata basis. On the schedule of property claimed as exempt (Schedule C) which the debtors filed with their petition, the Debtors asserted that $5,000.00 of the amount to be received under the terms of the Settlement Agreement was exempt. On March 5, 1996, the Debtors amended Schedule C to claim the entire $235,000.00 to be received under the terms of the Settlement Agreement as exempt.

The Trustee filed an objection to the Debtors' amended exemption and an objection to the confirmation of the Debtors' plan. The grounds for the Trustee's objection to confirmation were that the Debtors' plan is not proposed in good faith and the Debtors' unsecured creditors will not receive distributions with a value at least equal to that which they would have received had the Debtors' assets been liquidated under Chapter 7 of the Bankruptcy Code. The Trustee later withdrew her good faith objection.

At the confirmation hearing, counsel for the Debtors indicated that he intended to withdraw the Debtors' claimed exemption in the payments to be received under the terms of the Settlement Agreement.

## II.

### DISCUSSION

#### A.

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

Counsel for the Debtors advances three bases for overruling the Trustee's objection to confirmation: (1) the amounts to be received under the terms of the Settlement Agreement meet the requirements of a spendthrift trust and are thus not property of the estate; (2) even if those amounts are property of the estate, the next payment to be received is due more than three years from the date of the petition and thus requiring that amount or any portion thereof to be paid into the Debtors' Chapter 13 plan would force the Debtors into a plan with more than a three year term; and (3) the plan proposed by the Debtors satisfies the best interests of the creditors test of § 1325(a)(4). Because each of these arguments represents an alternate ground for overruling the Trustee's objection to confirmation, the court will consider each in turn.

#### B.

■ Counsel for the Debtors first argues that the interests of the Debtors in the long-term structured settlement are not interests which are property of the bankruptcy estate pursuant to 11 U.S.C. § 541, which in relevant part provides:

. . . . .

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title, or on the appointment of by a trustee in a case under this title or a custodian before such commencement,

and that effects or gives an option to affect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

. . . .

The Settlement Agreement expressly provides that it is governed by Ohio law. Thus, to the extent that Ohio would enforce it as a spendthrift trust, the amounts to be received by the Debtors under the Settlement Agreement are not property of the estate under Section 541(c)(2).

■ "A 'spendthrift trust' is a trust that imposes a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property." *Scott, Trustee v. Bank One Trust Company, N.A.*, 62 Ohio St.3d 39, 577 N.E.2d 1077 (Ohio 1991) (citations omitted).[1] Initially, the court notes that the Settlement Agreement lacks the traditional indicia of a trust. *See In re Meyers*, 139 B.R. 858 (Bankr.N.D.Ohio 1992) (holding that to create a valid trust under Ohio law, there must be an intention to create a trust, a description of the trust res and the beneficiary must be specific). There is no clear manifestation of an intent to create a trust. There is no identifiable trust res because, by the terms of the Settlement Agreement, Grange is the owner and beneficiary of the annuity purchased to fund Grange's obligation to Jeffrey Myers and he has neither a legal nor equitable interest in it. *In re Simon*, 170 B.R. 999, 1002 (Bankr.S.D.Ill.1994). Jeffrey Myers has a contractual, not an equitable, interest in the payments to be received under the terms of the Settlement Agreement.

In addition to the lack of indicia of a trust, the Settlement Agreement has another, more serious flaw which prevents it from being an enforceable spendthrift trust. Had Jeffrey Myers not settled his claim against Grange

before filing his bankruptcy petition, a Chapter 7 trustee would have been entitled to assume the cause of action for the benefit of the bankruptcy estate. Similarly, had Jeffrey Myers settled his claim for a lump sum cash payment, a Chapter 7 trustee would have been entitled to those funds over and above any personal property exemption claimed by the Debtors. In this case, Jeffrey Myers has exchanged a prepetition cause of action for a contractual right to receive periodic payments in the future. That he has exchanged one form of property for another should not entitle him to deprive his creditors of that property. *In re Cooper*, 135 B.R. 816, 819 (Bankr.E.D.Tenn.1992).

■ Because Jeffrey Myers exchanged one form of property for another which thereafter became the res of the alleged trust, Jeffrey Myers is treated as the settlor of that alleged trust. *Id.* (citing *Walro v. Striegel (In re Striegel )*, 131 B.R. 697 (S.D.Ind.1991)). Ohio, like other states, will not recognize a spendthrift trust if the beneficiary is also the settlor. *See Sherrow v. Brookover*, 174 Ohio St. 310, 313, 189 N.E.2d 90, 92 (Ohio 1963), *overruled on other grounds by Scott, Trustee v. Bank One Trust Company, N.A.*, 62 Ohio St.3d 39, 577 N.E.2d 1077 (Ohio 1991); Restatement of Trusts Second § 156 (1957). The alleged trust is not an enforceable trust under Ohio law, and therefore, the right to receive payments is property of the bankruptcy estate.

## C.

■ Counsel for the Debtors further argues that because the next payment under the terms of the Settlement Agreement will be received more than three years after the date of the Debtors' petition, the court cannot require the Debtors to remit that payment, or any portion thereof, to the Trustee because to do so would force the Debtors into a plan with a term that exceeds three years. Under the Bankruptcy Code, the court cannot mandate that the Debtors propose a plan which extends for more than three years,

---

1. Until relatively recently, Ohio did not recognize spendthrift trusts. *See Sherrow v. Brookover*, 174 Ohio St. 310, 189 N.E.2d 90 (Ohio 1963). However, the Ohio Supreme Court recently overruled *Sherrow* and recognized the enforceability of spendthrift trusts. *Scott, Trustee v. Bank One Trust Company, N.A.*, 62 Ohio St.3d 39, 577 N.E.2d 1077 (Ohio 1991).

absent cause.[2] However, to be confirmed by the court, a plan must meet the requirements of 11 U.S.C. § 1325.

Under § 1325(a)(4), the value of the distributions to be made to unsecured creditors must be at least equal to the amount those creditors would have received had the Debtors filed a Chapter 7 petition.[3] If § 1325(a)(4) is not satisfied, the court cannot confirm the plan. The Debtors would then have the burden of amending their plan to comply with § 1325(a)(4), and the rest of § 1325. To achieve compliance with § 1325(a)(4), the Debtors could increase the amount of the payments to be made to the Trustee or increase the term of the plan. If under the terms of a plan, the Debtors propose to pay all of their disposable income to the Trustee for three years but that plan does not satisfy § 1325(a)(4), the plan will not be confirmed, and the Debtors will likely have little choice but to extend the term of their plan beyond three years. There is nothing in § 1325(a)(4) which limits its application to the three year period in § 1322(d).

### D.

■ Finally, the court must determine whether the Debtors' plan satisfies § 1325(a)(4). Counsel for the Debtors argues that to determine the Chapter 7 liquidation value, the court should use the present value of the next payment to be received under the terms of the Settlement Agreement. The present value of that payment, $10,000.00 on November 15, 1999, using a 5.16% discount rate,[4] is $8,208.82. Counsel for the Debtors then compares this present value to the total amount to be paid under the terms of the Debtors' plan, $300.00 per month for 36 months or $10,800.00. Because the amounts to be paid under the terms of the plan are greater than the present value of the next payment under the Settlement Agreement, he argues that the Debtors' plan satisfies § 1325(a)(4). The court cannot agree.[5]

As the court held above, all of the amounts to be received by under the terms of the Settlement Agreement are property of the estate, and thus, the Chapter 7 liquidation value is the present value of all of those payments, not merely the next one due. Using the 5.16% discount rate, the present value for all of the remaining payments to be received under the terms of the Settlement Agreement is approximately $74,000.00. This amount obviously exceeds the present value of the distributions which will be made to the Debtors' creditors under the terms of their proposed plan.[6] Therefore, Section 1325(a)(4) is not satisfied, and the court must deny confirmation of the Debtors' Chapter 13 plan.

An order in accordance with the foregoing shall issue forthwith.

2. Section 1322 of the Bankruptcy Code provides:
   The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

3. Section 1325(a)(4) provides:
   (a) Except as provided in subsection (b), the court shall confirm a plan if—

   .    .    .    .    .

   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

   .    .    .    .    .

4. This rate represents the effective yield for United States Treasury Bills with a one year term as of the petition date, January 23, 1996. It was suggested by counsel for the Debtors. The Trustee did not object, and thus, the court will use this rate for purposes of its analysis.

5. The distributions to be made to creditors must also be discounted to present value. The present value of those payments, using the same 5.16% discount rate, is $9,985.76.

6. Using a more conservative discount rate of 10%, the present value of all of the payments to be received under the terms of the settlement agreement is approximately $32,000.00, which also exceeds the present value of the plan payments proposed by the Debtors.

## ORDER

For the reasons set forth in the accompanying Memorandum of Decision, the court finds the objection to confirmation filed by Toby L. Rosen, the Chapter 13 trustee, to be well taken and the same should be, and hereby is, **SUSTAINED**.

The court further finds that confirmation of the Chapter 13 plan of reorganization filed by the debtors, Jeffrey Charles and Linda Kae Myers should be, and hereby is, **DENIED**.

·The court directs the debtors, Jeffrey Charles and Linda Kae Myers, to amend their Chapter 13 plan of reorganization to comply with 11 U.S.C. § 1325 within **twenty (20) days** of the issuance of this Memorandum of Decision and Order.

IT IS SO ORDERED.